ESTHER LEA DAVIS, Appellant, *v.* SIMON DAVIS, Respondent.

*Punishment for contempt — not dependent upon the legal service of the order disobeyed — motion denied solely on the ground of want of power.*

While the general rule is that the court will not punish a party for contempt of court in refusing to obey its order, until after an order has been personally served upon him, the court has power to do so, provided that it is made to appear that the party had knowledge of the making, and of the terms, of the order disobeyed.

In an action for divorce, brought by a wife against her husband, which was commenced by the personal service of the summons and complaint and an order of arrest upon the defendant, who, having been held in bail subsequently, after appearing and answering, departed from the State and continued to reside in another State, the defendant is liable to be punished for contempt in failing to obey an order directing the payment by him of alimony, where he had knowledge of the existence of such order, and it had been personally served upon him in the State where he was residing.

The court has power to proceed to punish as for a contempt a party who, while not legally served with a copy of the order disregarded or violated by him, proceeds in such violation of it with full knowledge of its existence, and if a motion to punish such person for contempt is denied, solely on the ground of want of power to make the same, the order denying the motion will be reversed upon appeal.

APPEAL by the plaintiff, Esther Lea Davis, from an order of the Supreme Court, made at the New York Special Term and entered in

the office of the clerk of the county of New York on the 28th day
of May, 1894, denying the plaintiff's motion to punish the defend-
ant for contempt of court.

*David May*, for the appellant.

*John C. Clark*, for the respondent.

PARKER, J. :

The Special Term denied plaintiff's motion to punish the defend-
ant as and for a contempt of court, because of his refusal to pay ali-
mony awarded by an order of the court, on the ground that such
order had not been served upon him within this State.

The suit was for a divorce, and was commenced by personal serv-
ice of the summons and complaint and order of arrest on defend-
ant, who was held to bail in the sum of $1,000. Subsequently he
appeared and answered, after which he departed from this State and
has since continued to reside in the State of Massachusetts.

The question is, whether the court, having acquired jurisdiction
of the defendant in this action, is nevertheless powerless to proceed
against him for his alleged contempt in violating an order of the
court, because by absenting himself he has rendered it impossible to
serve the order upon him within this State.

That he had knowledge of the existence of the order of the court
requiring him to pay alimony is clearly established.

It was personally served upon him in the State where he is at
present residing, after which he made payment of the sum awarded
to the plaintiff for costs, and also of a weekly allowance for alimony
for a period of about eleven months when he refused to make
further payment.

While the general rule is that the court will not punish a party
for a contempt of court in refusing to obey its order until after the
order has been personally served upon him, the power of the court
to do so is established, provided it shall be made to appear that the
party had knowledge of the making and the terms of the order dis-
obeyed. (*People ex rel. Platt* v. *Rice et al.*, 80 Hun, 441; affd.,
144 N. Y. 242.)

In that case an order was made that a mandamus issue, but none
was, in fact, issued, nor was the order ever served upon the parties

proceeded against as for a contempt for a failure to obey it, but, it appearing that they had knowledge of the order, it was held that they could nevertheless be punished for contempt because of their refusal to obey it. The General Term in the prevailing opinion, after discussing a number of cases, said :

" It is true that these cases I have referred to are all cases of violations of injunctions, but I can see no difference in principle between the violation of an injunction, or of an order for an injunction, and the violation of an order for a writ of mandamus; the principle is the same ; it is the order of the court that has been disobeyed, and it has been brought equally into contempt, whether that order be for an injunction, mandamus, writ of prohibition, or any other writ or order which the court has power to grant or issue."

As this case established the authority of the court to proceed against a party, as and for contempt, who, while not legally served with a copy of the order, proceeds in violation of it with full knowledge of its existence, and the court having denied this motion solely on the ground of want of power, it follows that the order must be reversed.

In *Fairchild* v. *Fairchild* (11 Cent. Rep. 750) the court reached a like conclusion, and we deem it not out of place to extract from the very satisfactory opinion of Vice-Chancellor Bird, the following:

" The order issued requiring the defendant to show cause why he should not be attached as for contempt in not paying the alimony and counsel fee which he had been directed to pay by the former order, which had been served on the solicitor of the defendant, but not on the defendant personally because of his absence from the State. The question is whether under the rules and practice of the court it can proceed in the matter or not.

" While the practice is to take no steps in such cases, without a personal service, when that can be had, yet, if the defendant absents himself and renders such service impossible, the court will not be balked in its proceedings and prevented from making a final order or decree in case service be made upon the solicitor of the defendant who has appeared in the case and represented him, or, in case there be no solicitor, the order or notice be left with the clerk of the court. Such has been the established practice, I infer, for a long

period of time. (*Rider* v. *Kidder* and *De Manneville* v. *De Manneville*, 12 Ves. 202, 203.)

"While in such case the court is solicitous in protecting every right of the defendant, and also to avoid the commission of any wrong against him, yet, when the defendant puts it beyond the power of the court to make further inquiry, the end of such solicitude has been answered, and every principle which either equity or justice demands, satisfied."

The order should be reversed, with ten dollars costs and printing disbursements.

Van Brunt, P. J., and O'Brien, J., concurred.

Order reversed, with ten dollars costs and disbursements.