### CONRADY v. BUHRE.

(Supreme Court, Appellate Division, Second Department. January 26, 1912.)

DISCOVERY (§ 83*)—INSPECTION OF BOOKS AND PAPERS—PREMATURE APPLICATION.

　　An action by a salesman for an accounting under a contract stipulation for a half of the net profits realized by the principal from sales made by him, etc., is one in equity, and where the agreement is denied an application by the salesman for an inspection of the books of defendant is premature before his right to an accounting is established.

　　[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 107; Dec. Dig. § 83.*]

　　Hirschberg, J., dissenting.

Appeal from Special Term, Kings County.

Action by Charles A. Conrady against Daniel Buhre. From an order granting an inspection by plaintiff of books and papers of defendant, he appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

Harry W. McChesney, for appellant.
Arnon L. Squiers, for respondent.

BURR, J. Defendant appeals from an order granting an inspection of books and papers. The complaint alleges an agreement made on or about July 1, 1903, and continued until July 1, 1908, by which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff agreed to act as sales agent for defendant, and in consideration of his services the latter promised to pay plaintiff one-half of the net profits arising from all sales made by him; the latter in turn agreeing that all losses on account of sales made by him should be divided equally between them, the amount of loss in each instance being measured by the cost price of the goods. The relief asked for is an accounting, and for a judgment for any excess of profits shown to have been earned beyond the sum already paid by defendant to plaintiff. The making of this agreement is denied. The action is one equitable in its nature. Under the circumstances here disclosed, an application for the discovery of books and papers in possession of defendant is premature.

The primary question in this case is as to the relation of the parties. Unless plaintiff establishes the agreement alleged by him, he cannot succeed in this action, at least without an amendment of his complaint, even though the evidence discloses some sort of a joint venture. Salter v. Ham, 31 N. Y. 321; Arnold v. Angell, 62 N. Y. 508; Heye v. Tilford, 2 App. Div. 346, 37 N. Y. Supp. 751, affirmed 154 N. Y. 757, 49 N. E. 1098. In an equitable action, when plaintiff's right to an accounting depends upon controverted facts, the proper practice is to proceed to the trial of the fundamental issue. If plaintiff succeeds, an interlocutory judgment is entered, establishing the rights of the parties, and the accounting then follows in accordance with the terms thereof. If plaintiff fails, no account is necessary. Pierce v. McLaughlin Real Estate Co., 121 App. Div. 501, 106 N. Y. Supp. 28; Moore v. Reinhardt, 132 App. Div. 707, 117 N. Y. Supp. 534; Fogarty v. Fogarty, 128 App. Div. 272, 112 N. Y. Supp. 742.

The cases of Thomas v. Guy B. Waite Co., 113 App. Div. 494, 99 N. Y. Supp. 297, and Webb v. Homer W. Hedge Co., 133 App. Div. 420, 117 N. Y Supp. 643, relied upon by respondent, are not in conflict herewith. An inspection of the record on appeal in the Law Library discloses that each of these actions was an action at law, and not in equity. In the former case the agreement was in writing, and fixed the rights of the parties for the time specified therein. In accordance with its provisions plaintiff was to receive a percentage of the net profits earned during the life thereof. Plaintiff claimed that this agreement had been extended for one year, and alleged that the profits amounted to a specified sum. Defendant admitted the making of the agreement and the terms thereof, but denied the extension or that the profits equaled the sum named. From the nature of the action it was necessary that all of the issues therein should be disposed of at one trial, and it therefore became important for plaintiff to be then prepared to prove, not only the extension of the agreement, but the amount of the profits earned. In that case the real question presented was as to the good faith of the application, and whether a subpœna duces tecum under the circumstances afforded an adequate remedy. Webb v. Homer W. Hedge Co., supra, was also an action at law under a written agreement of employment which fixed the rights of the parties hereto. Before the expiration of the time specified therein, defendant discharged plaintiff's assignor, who was a

party to said agreement, and, as plaintiff claimed, wrongfully. The compensation of plaintiff's assignor depended in part upon the profits of the business procured by him, and this was alleged to be a specific amount. Defendant admitted the making of the agreement and the discharge of its employé, but sought to justify such discharge, and denied the allegation as to the amount of profits. For the same reason which controlled the decision in Thomas v. Guy B. Waite Co., supra, this court then thought that in that case an inspection was proper and necessary.

In the case at bar no such necessity exists. In this case the agreement, whatever it may have been, was not in writing, and the terms of it are in dispute between the parties. Unless it was such an agreement as plaintiff alleges, an accounting will not be necessary; and, if no accounting is necessary, there is no occasion for an inspection of defendant's books and papers.

The order should be reversed, with $10 costs and disbursements, and the motion for an inspection denied, with $10 costs.

JENKS, P. J., and THOMAS and CARR, JJ., concur. HIRSCHBERG, J., dissents.