RAYMOND N. LOCKWOOD, Appellant, *v.* THE BEDELL COMPANY, Respondent.

Second Department, June 22, 1917.

**Discovery of books and papers of corporation — when proper in action to recover percentage of profits due for services.**

An employee of a corporation who brings an action at law to recover a certain percentage of its net earnings as compensation is entitled to a discovery and inspection of its books containing its business transactions within the period embraced within the cause of action, which tend to establish its net profits for said period.

The fact that the plaintiff demanded judgment for such sum in excess of a certain amount which an accounting may determine him entitled to, does not change the action from one at law to one in equity. Nor does the fact that the contract was denied deprive the plaintiff of his right to a discovery.

APPEAL by the plaintiff, Raymond N. Lockwood, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 29th day of December, 1916.

*George E. Brower* [*George V. Brower* with him on the brief], for the appellant.

*Charles E. Travis,* for the respondent.

RICH, J.:

This appeal is from an order of the Special Term denying plaintiff's application for discovery and inspection of certain books of the defendant corporation, in an action brought to

recover compensation for his services. He claims to be entitled to a sum equal to not less than seven and one-half per cent of the net earnings of the corporation for the year ending March 1, 1913, which he alleges upon information and belief to have been in excess of $115,000. The percentage to which he claims to be entitled amounts to at least $8,525, of which he has received $5,800, leaving due and owing a balance in excess of $2,725. The question presented depends upon the determination as to whether the action is one in equity.

I think that the conclusion of the learned Special Term in denying the plaintiff's motion upon the authority of *Conrady* v. *Buhre* (148 App. Div. 776) is erroneous in that it applies a rule applicable only in equity cases, while the facts alleged in the case at bar present an action at law, to which such rule laid down in the *Conrady* case has no application. (*Smith* v. *Bodine*, 74 N. Y. 30; *Lee* v. *Washburn*, 80 App. Div. 410; *Lindner* v. *Starin*, 128 id. 664; *Gee* v. *Pendas*, 66 id. 566; *Chaurant* v. *Maillard*, 56 id. 11.) Although the complaint demands equitable relief, an answer having been interposed, such demand must be regarded as surplusage (*Gillespie* v. *Montgomery*, 93 App. Div. 403), and whether the action is legal or equitable is to be determined by the allegations of the complaint and the relief to which the plaintiff is entitled. The only difference I am able to discover between the case at bar and the case of *Thomas* v. *Waite Co.* (113 App. Div. 494) is that in that case the complaint demanded judgment for a specified sum of money, while in the case at bar the relief demanded is a judgment for such sum in excess of $2,725 as an accounting may determine the plaintiff entitled to, a difference which does not change the action under consideration from one at law to one in equity or remove it from the operation of the rule declared in the *Thomas* case. The respondent's contention, that even if the action be held to be one at law the order must be affirmed because the contract is denied, is without merit. The contract upon which the action was based was denied in the *Thomas* case, but, being an action at law, it was held that that fact did not change the disposition to be made or warrant the application of the equitable rule. Furthermore, the action being at law and

triable by jury, it is not practicable that the plaintiff should first establish his alleged contract and enter an interlocutory judgment for an accounting, as all of the issues must be disposed of on one trial. (*Boisnot* v. *Wilson*, 95 App. Div. 489.) The period of time during which plaintiff's cause of action is alleged to have accrued is between March 1, 1912, and March 1, 1913, and I think he is entitled to an inspection and discovery of such of defendant's books as embrace that period of time, but no other. The books, however, are specified in the petition in twelve subdivisions, most of which contain defendant's business transactions during the year 1910 and other years not included in the allegations of the complaint, and clearly the transactions of the defendant during those periods are of no concern to plaintiff and he is not entitled to an inspection for any time before March 1, 1912, or after March 1, 1913. Under the tenth subdivision, the books it is desired to inspect are stated as " Money Order Div. and Phila. Store Book for 1913," referring to a Philadelphia store and business which the respondent in its brief states is not, and has no relation to, its business, but is the business of and solely owned and conducted by the Bedell Company of Philadelphia, an entirely different and independent corporation. I find no proof of this statement in the papers, but, if true, the plaintiff is not entitled to an inspection and discovery of those books, his right in that respect, as I have said, being limited to the books of the defendant containing its business transactions between March 1, 1912, and March 1, 1913, which tend to establish its net profits for that period of time.

The order, therefore, is reversed, with ten dollars costs and disbursements, and the proceeding remitted to the Special Term for such further proceeding as plaintiff may be advised to take.

JENKS, P. J., THOMAS, STAPLETON and MILLS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and proceeding remitted to the Special Term for such further proceeding as plaintiff may be advised to take.