MADRID OLIVE MATZKE, Appellant, *v.* OSCAR MATZKE, Respondent.

MADRID OLIVE MATZKE, Appellant, *v.* OSCAR MATZKE, Respondent.

First Department, December 20, 1918.

Husband and wife — separation — non-payment of alimony — proceedings for contempt — evidence of default — modification of judgment by reducing alimony — sufficiency of affidavit by husband as to financial ability — conditions upon reduction of alimony.

In proceedings for contempt for the non-payment of alimony, pursuant to a judgment of separation, default must be clearly shown, and an appellate court may not indulge in inferences and assumptions with respect to what occurred on the original hearing, especially where the motion to punish was denied.

The moving party in such a case must show as a condition precedent to her right to the entry of an order upon which her husband may be deprived of his liberty, not only that a certified copy of the judgment has been duly served and due demand made for the precise amount due, but also that the husband failed to pay, for while the authority for enforcing such judgments by civil contempt proceedings is conferred by section 1773 of the Code of Civil Procedure, and the provisions of article 19

of the Judiciary Law must be followed, the practice requires substantially the same proof of *default* as is prescribed in section 1241 of the Code of Civil Procedure.

Evidence examined, and *held*, insufficient as a basis for the punishment of a husband for failure to pay alimony, although it is uncontroverted that he was in contempt. The order denying the motion to punish defendant for contempt should be modified by permitting a renewal of the motion.

The provisions of a judgment in an action for separation fixing the amount of alimony should not be changed in any case without clear and satisfactory evidence of a change with respect to the ability of the husband to comply therewith, and this rule should be most rigidly adhered to, where the husband has long been in default in making the payments required by the judgment which left him in contempt, regardless of his inability to comply therewith.

Where the sufficiency of a husband's affidavit as to his financial ability, which is in most general terms, is challenged, he should be required to present a definite affidavit showing in detail his financial resources or be required to submit to an examination at his own expense with respect thereto.

A modification or resettlement of a judgment reducing the alimony should be upon condition that the accrued alimony at the reduced rate be paid forthwith, and in event of the failure of the husband to comply with such condition, the application should be denied and the wife permitted to enforce the original judgment by contempt proceedings.

APPEAL by the plaintiff, Madrid Olive Matzke, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 20th day of September, 1918, denying her motion to punish the defendant for contempt of court.

Appeal by the plaintiff, Madrid Olive Matzke, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the same day, granting defendant's motion to amend and resettle the judgment herein.

*John T. E. Van Derveer*, for the appellant.

*George P. Breckenridge* of counsel [*Cabell & Breckenridge*, attorneys], for the respondent.

LAUGHLIN, J.:

On the 18th of June, 1918, after the trial of the issues herein before the court, a judgment for separation on the ground of cruel and inhuman treatment and for costs was duly entered, upon a decision in favor of plaintiff, and it required the defend-

ant to pay to the plaintiff twenty dollars per week for her support and maintenance and for the support and education of their three children, the custody of whom was awarded to her, but it contained no provision with respect to whether or not the defendant was to be permitted to see the children.

It does not appear when the original judgment was served on the defendant or on his attorneys; but on an affidavit verified July 13, 1918, stating generally that his employment had been changed, and that he had not lately been earning more than twenty-seven dollars a week on an average, and did not expect to earn more than that on an average in his " present employment," and asking that the judgment be resettled so as to permit him to see his children often and by fixing the amount of alimony within his ability to pay, he made a motion for the resettlement of the judgment. In opposition to the motion the plaintiff presented an affidavit showing that the defendant had only paid eleven dollars per week, which was wholly inadequate, under the judgment, and had not paid the costs, and that he could earn more than he claimed to be earning and that she was willing he should see the children and to have the judgment so resettled provided he first complied with the judgment and gave security for future compliance therewith and surrendered her clothing and that of the children which he had retained when they were obliged to leave.

The motion was heard by the trial justice and denied on the 30th of July, 1918, but with leave to renew on proof of compliance with the judgment to the date of the application.

On the third of September thereafter the defendant obtained from the trial justice an order to show cause for the same relief returnable September tenth, which order contained leave to renew the motion. That order was obtained on an affidavit of the defendant showing that it appeared by testimony on the trial that he was then earning thirty-five dollars per week; that the decision and judgment were signed and entered without notice of settlement; that on the trial the plaintiff's attorney had not asked for more than eighteen dollars per week alimony; that his wages had been reduced to an average of twenty-seven dollars per week; that he had " been continuing his payments regularly of $11 a week," but he had not been able to pay twenty dollars and it was impossible for him

to make up the difference or to comply with the terms by which on the denial of the former motion he was permitted to renew.

The plaintiff opposed the motion on her former affidavit made by her on a motion to punish defendant for contempt and on a further affidavit by her showing that the defendant had only paid eleven dollars per week and that he still had her furniture and the clothing and that shortly before the commencement of the action he had conveyed to his sister without consideration an interest in an apartment house and drawing attention to the fact that his affidavit did not show that he had no property other than his earnings.

The renewal motion was heard by the trial justice and resulted in the order appealed from, which purports to have been entered on the 13th of September, 1918, resettling the judgment by reducing the alimony from twenty dollars to seventeen dollars per week and by incorporating a provision permitting the defendant to see the children weekly. The record, however, contains a short form order bearing date September tenth, granting the motion, in which it is also recited that the alimony had been reduced and it contains a provision as follows: " The defendant must * * * make an effort to gradually pay off the arrears of alimony now unpaid."

The motion to punish defendant for contempt was brought on by an order to show cause returnable September 6, 1918, which was before the renewal of the motion to resettle the judgment, and the order denying it, from which the appeal is taken, purports to have been made and entered on the 20th of September, 1918, but it is recited therein that the order reducing the alimony was entered the same day.

The record also contains a short form order dated September 10, 1918, denying the motion with like admonition to defendant with respect to the payment of the arrears of alimony at the reduced rate. On the motion to punish the defendant for contempt it appeared that a certified copy of the judgment was duly served on him on the 12th of August, 1918, and that due demand of payment of $90, being for $200 alimony for the ten weeks then accrued less $110 which he had paid, was then made, but it does not appear whether or not he refused the demand and for aught that is shown by the record, he may have paid over the money in accordance with the demand. This

was doubtless an oversight for, in the affidavit made by the defendant in opposition to the motion, he does not claim to have paid more than $11 per week alimony since the entry of the judgment. In proceedings for contempt, however, for the non-payment of money, default must be clearly shown and an appellate court may not indulge in inferences and assumptions with respect to what occurred on the original hearing, and especially is this true where, as here, the motion to punish was denied. The moving party in such case must show as a condition precedent to her right to the entry of an order upon which her husband may be deprived of his liberty, not only that a certified copy of the judgment has been duly served and due demand made for the precise amount due, but also that the husband failed to pay, for while the authority for enforcing such judgments by civil contempt proceedings is conferred by section 1773 of the Code of Civil Procedure and the provisions of article 19 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35) must be followed, the practice requires substantially the same proof of *default* as is prescribed in section 1241 of the Code of Civil Procedure. (*Stanley* v. *Stanley,* 116 App. Div. 544; *Delanoy* v. *Delanoy,* 19 id. 295; *Gray* v. *Cook,* 24 How. Pr. 432.) In the circumstances, therefore, while it is uncontroverted that the defendant was in contempt, it cannot be said that a basis for his punishment for contempt was sufficiently shown.

We, therefore, modify the order denying the motion to punish defendant for contempt by incorporating therein a provision to the effect that the denial is without prejudice to a renewal of the motion, and, as so modified, affirm it.

We are of opinion that the objections taken by the appellant to the sufficiency of the facts shown, with respect to the defendant's financial ability, were well taken. There had been a solemn adjudication with respect to the amount of the alimony and it is evident that it was based on testimony given on the trial. The provisions of the judgment thus entered should not be changed in any case without clear and satisfactory evidence of a change with respect to the ability of the husband to comply therewith, and this rule should be most rigidly adhered to where, as here, the husband had long been in default in making the payments required by the

judgment which left him in contempt regardless of his inability to comply therewith. (*Ryckman* v. *Ryckman*, 34 Hun, 235; *Matter of Ryckman*, 39 id. 646; *Strobridge* v. *Strobridge*, 21 id. 288; *Delanoy* v. *Delanoy, supra.*)

When, therefore, the sufficiency of his affidavit, which is in the most general terms, was challenged, he should have been required to present a definite affidavit showing in detail his financial resources, or should have been required to submit to an examination before the court or a referee at his own expense with respect thereto. If it had been thus clearly established that the amount of the alimony was excessive, the court could have modified or resettled the judgment by reducing the alimony for the future and doubtless had the power to modify the provision *nunc pro tunc,* and then could have refused to enforce compliance therewith by contempt proceedings, excepting as so modified or resettled. When that becomes necessary or proper, however, we think the modification or resettlement should be upon condition that the accrued alimony at the reduced rate be paid forthwith, for the reduced rate would be the amount he should have paid, and in the event of the failure of the husband to comply with the condition the application should be denied, and the wife should be permitted to enforce the original judgment by contempt proceedings.

The disclosures made by these records indicate that the defendant has not realized or appreciated the seriousness of the judgment of the court or of his duty thereby adjudicated, and he has not sufficiently shown that he has made every reasonable effort to comply therewith and to perform his obligations to his wife and children.

It follows, therefore, that the order denying the motion to punish for contempt, modified as herein indicated, should be affirmed, without costs, and that the order resettling, in so far as it changes the alimony, should be reversed, with ten dollars costs and disbursements to appellant, and motion for reduction of alimony denied, with ten dollars costs, but with leave to defendant to renew the motion on additional papers showing that he has paid the arrears of alimony to the extent, at least, of seventeen dollars per week.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concurred.

Order denying motion to punish for contempt modified as stated in opinion and as modified affirmed, without costs. Order resettling judgment in so far as it changed alimony, reversed, with ten dollars costs and disbursements to appellant, and motion for reduction of alimony denied, with ten dollars costs, with leave to defendant to renew motion as indicated in opinion.    Orders to be settled on notice.