In the Matter of the Application and Petition of J. EDWARD SIMMONS and Others, Constituting the Board of Water Supply of the City of New York, Respondents, to Acquire Real Estate, etc. (S. A. D. Section 14, Village of Pleasant-ville.) THE CITY OF NEW YORK, Appellant.— The reading of testimony of witnesses already taken on prior hearings on November 20 and 25, December 4, 11 and 23, 1919, was unnecessary, as it could have been readily offered as there-tofore transcribed. The allowance to each of the commissioners of $100 on June 24, 1920, and June 28, 1921, is reduced to $50 each for each of said days. The compensation to each of the commissioners is, therefore, reduced $350. As thus modified the order fixing their compensation is affirmed, without costs. Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ., concur. Settle order on notice.

In the Matter of the Application of the TRANSIT CONSTRUCTION COMMISSIONER, Acting for and on Behalf of THE CITY OF NEW YORK, etc., Relative to Acquiring an Estate in Fee Simple Absolute in and to Certain Premises Situated between Peartree Avenue, Roosevelt Avenue and the Long Island Railroad, in the Borough of Queens, City of New York, etc. THE CITY OF NEW YORK, Appellant; DEGNON REALTY AND TERMINAL IMPROVEMENT COMPANY, Respondent.— Decree unani-mously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ.

ALFRED P. LAVIGNE, Appellant, v. JOHANNA KAROLINE MATHILDE DOECKS, Individually and as Executrix, etc., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Jaycox, Kelby and Young, JJ.

FLORENCE B. LAWRENCE, Appellant, v. HOWARD A. LAWRENCE, Respondent.— Order modified so as to grant plaintiff leave to renew the motion as to all arrears of alimony, except for the period the parties were living together after their alleged reconciliation, upon papers showing the time the parties so lived together, and also showing defendant's cruel and inhuman treatment of plaintiff during that period which compelled her to again leave him; and as so modified affirmed, without costs. In our opinion the failure to serve a certified copy of the decree does not prevent the enforcement of the arrears of alimony. No alimony can be had for the period of reconciliation, and none at all unless plaintiff convinces the court that she finally left her husband in consequence of renewed acts of cruelty on his part. If this be shown satisfactorily, the arrears are enforcible. Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ., concur.