SUMMERS LUMBER AND SUPPLY CORPORATION, Respondent, v. J. S. BARBARA CONSTRUCTION CORPORATION and Others, Defendants, and PROVIDENT MORTGAGE CORPORATION and H. CLAY WALDMAN, INC., Appellants, and ERNEST W. RUESTOW, Respondent.*— Judgment of the County Court of Suffolk county affirmed, with costs. No opinion. Rich, Hagarty and Carswell, JJ., concur; Lazansky, P. J., and Young, J., dissent, being of opinion that the liens upon the property to the extent of $27,150.19 have priority over plaintiff's mechanic's lien.

SADIE TAORMINA, Appellant, v. LUIGI J. TAORMINA, Respondent.— Judgment reversed upon the facts and a new trial granted, costs to the plaintiff to abide the event, on the ground that the judgment is against the weight of the evidence. Findings of fact 4, 6, 8, 10 and 11, and conclusion of law 1, are reversed. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

JOHN LANGDON TAYLOR, Appellant, v. THE ROBERT E. RAMSAY ORGANIZATION, INC., and ROBERT E. RAMSAY, Respondents.— Order, in so far as appealed from, reversed upon the law, with ten dollars costs and disbursements, and motion for the entire relief sought by plaintiff granted, with ten dollars costs; examination to proceed on five days' notice as stated in order. This is an action at law and not in equity (Lockwood v. Bedell Co., 178 App. Div. 695), and the plaintiff is entitled to the examination upon all matters set forth in the order to show cause. He is also entitled, in connection with that examination, to discovery and inspection of the books and records so far as necessary to determine the profits in question. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

WILLIAM E. TRUBEE, Respondent, v. ELSIE R. HAEBLER, Being Sued Herein as ELSIE R. TRUBEE, Appellant.— Order in so far as it denies defendant's motion to dismiss complaint and for counsel fee affirmed, without costs. No opinion. Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ., concur.

LENA TUCCI, Respondent, v. FRANK TUCCI, Appellant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In order to maintain this proceeding in contempt, it was essential that a certified copy of the decree requiring the payment of alimony should be served upon the defendant, and as this was not done the defendant could not be held guilty of contempt. (Ryckman v. Ryckman, 32 Hun, 193; Matzke v. Matzke, 185 App. Div. 533; Dikeman v. Dikeman, 108 Misc. 406.) Young, Scudder and Tompkins, JJ., concur; Kapper, J., dissents upon the ground that as a demand is no longer necessary for the purpose of instituting contempt proceedings in a case of this character, the service of a certified copy of the judgment, which the statute does not require, is not essential; Lazansky, P. J., agrees with the view expressed by Kapper, J., but concurs in the result reached by the majority of the court, upon the ground that the affidavits submitted by plaintiff do not warrant the conclusion that payment of the alimony cannot be enforced by sequestration proceedings or by the giving of security therefor.