Irene U. Wallach, Plaintiff, *v.* Maxwell M. Wallach, Defendant.

Supreme Court, New York County, September 26, 1930.

*Blau, Perlman & Polalsoff*, for the plaintiff.

Defendant in person.

Hammer, J. The defendant, an attorney, was sued herein for separation. He appeared in the action and answered the complaint through another attorney. All the late papers in the action, however, show the defendant appearing personally, so that although no order of substitution has come to my attention, it may be assumed that such substitution has taken place. The present motion is to punish the defendant for contempt for failure to pay alimony fixed by an order of this court. Defendant, appearing personally, contends that such order was not personally served upon him and the court in consequence has no jurisdiction to consider or grant this motion.

In my opinion there is no merit to this contention. The defendant appeared generally in the action. Although it does not appear that he was served with the original order fixing alimony, he himself, appearing personally, made a second motion to vacate such order. On such motion an order was made modifying the original order fixing alimony by reducing same to a smaller amount. He appealed from the latter order and it was affirmed. Accordingly he not only had actual knowledge of both orders and of their provisions

now violated, but was the very moving party upon whose motion, although with less relief than that sought, the latter order was granted. Under the circumstances the idle ceremony of such service is unnecessary to give the court jurisdiction herein over the defendant's person. (See *Davis* v. *Davis*, 83 Hun, 500, and case therein cited.) Under section 1172 of the Civil Practice Act, it is no longer necessary to make a demand for the payment of alimony, which is an additional objection raised by defendant. Accordingly this motion is granted. The defendant is adjudged in contempt and fined the sum of $140, the amount of the arrears of alimony. He may purge himself of the contempt by paying such sum to the plaintiff at the office of her attorneys within ten days after service upon him of a copy of the order to be made herein with notice of entry. If he defaults, upon proof by affidavit of such default commitment may issue.