ESTHER LUXENBERG, Respondent, *v.* DAVID LUXENBERG, Appellant.

First Department, November 7, 1930.

*Henry F. Cochrane* of counsel [*Carroll Hayes*, attorney], for the appellant.

*Joseph Gorowitz* of counsel [*Garrow & Gorowitz*, attorneys], for the respondent.

SHERMAN, J. On March 30, 1925, an order was entered in this separation action requiring defendant to pay, *pendente lite*, weekly alimony and a counsel fee. The action has never been tried nor has that order been vacated or modified. Defendant stands committed for contempt because he has failed to pay arrears thereunder amounting to upwards of $4,000.

The record shows that during the year 1927 the parties ceased living apart and lived together for several months and the official referee has found that the reconciliation was in good faith, and that the subsequent alleged abandonment of plaintiff by defendant in January, 1928, was due to no fault on his part. Under these circumstances we hold that plaintiff waived compliance by defendant with the preliminary order and that the proof does not suffice to show the revival of that order by the conduct of the defendant, such as was the basis of the decision in *Lawrence* v. *Lawrence* (202 App. Div. 844). Apparently, defendant was supporting the plaintiff while they were living together after their reconciliation, and has been paying the amount required by order of the Bronx County Court for the support of their one child. This case is not governed by *Schatzberg* v. *Schatzberg* (229 App. Div. 214), where there was a final judgment, and section 1170 of the Civil Practice Act (as amd. by Laws of 1925, chap. 240) does not apply to continue this preliminary order in force as a basis for contempt proceedings notwithstanding acts of the parties which are sufficient to defeat the plaintiff's cause of action.

The order appealed from should be reversed and the motion denied.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed and motion denied.