MINNIE SHUSTERMAN, Plaintiff, *v.* MORRIS SHUSTERMAN, Defendant.

Supreme Court, Special Term, Kings County, January 27, 1945.

*Holtzman & Witte* for plaintiff.

*George S. Fishman* for defendant.

F. E. JOHNSON, J. The service of an amended complaint does not void an alimony order duly made on the motion based on the original complaint. The *certified copy* was served, as the order directed, upon defendant's attorney and a copy served on defendant. He thus had knowledge of the order and its commands, and upon his failure to pay a motion to punish should lie.

In *Lawrence* v. *Lawrence* (202 App. Div. 844) the unanimous opinion was that " * * * the failure to serve a certified copy of the decree does not prevent the enforcement of the arrears of alimony." In *Tucci* v. *Tucci* (230 App. Div. 737), the court divided on whether it was necessary " * * * that a certified copy of the decree requiring the payment of alimony should be served upon the defendant, * * * " the majority citing authorities to the effect that it was. The Presiding

Justice and KAPPER, J., dissented, saying that " * * * a demand is no longer necessary for the purpose of instituting contempt proceedings in a case of this character, * * * " and that the statute does not require a certified copy of the judgment to be served.

Thereafter, in *Miles* v. *Miles* (235 App. Div. 706) that court reversed an order holding the husband in contempt, because a *certified* copy was not served on him personally.

Section 163 of the Civil Practice Act does not provide that the paper served must be *certified;* none of the citations thereunder so provides. Its predecessor (Code Civ. Pro., §§ 799, 802) did not so provide, either. Section 783 of the Civil Practice Act provides that a copy of an injunction order must be served personally, but says nothing about certification. The Judiciary Law (art. 19) providing. for punishment for civil contempt (§ 753) makes no mention of how the party may be put in contempt except to provide that one who has been guilty of misconduct whereby a right or remedy of a party to an action has been impaired, etc., may be punished in any case (§ 753, subd. 8) " where * * * [a] proceeding to punish for a contempt has been usually adopted and practiced in a court of record * * *." It has no provisions explaining what papers are to be first served before the party can be said to be in contempt.

In *Davis* v. *Davis* (83 Hun 500) the alimony order was served (apparently not certified) and the opinion merely held that no defaulter will be punished " * * * until after the order has been * * * served upon him * * *." Not only was nothing said about certification, but the opinion makes it clear that " * * * knowledge of the making, and * * * terms, of the order disobeyed " was enough.

In *Johnson* v. *Ackerman* (192 App. Div. 890) the Appellate Division in this department, citing *Pitt* v. *Davison* (37 N. Y. 235) held that an order, which calls for compliance by a party must be served personally — not a word about certification.

In *Shine* v. *Shine* (N. Y. L. J., June 4, 1929, p. 1161, col. 2) CROPSEY, J., said, after pointing out that *Feit* v. *Feit* (224 App. Div. 857) held the opposite of *Lawrence* v. *Lawrence* (202 App. Div. 844, *supra*), but did not state that the earlier decision was overruled: " A person may be punished for contempt for violation of a court order if he has knowledge of it * * * ", and granted the motion to punish for nonpayment of alimony where no certified copy was served. There seems to have been no appeal.

In *Israel* v. *Israel* (N. Y. L. J., Oct. 18, 1932, p. 1584, col. 3), STEINBRINK, J., granted a motion to punish where defendant claimed not to have been served with a certified copy of a *pendente lite* alimony order. The impressive opinion is not otherwise reported, so these extracts seem worth republishing: '' In his affidavit now submitted he asks that the order be amended so as to reduce the alimony payments to $6 per week. I can find no provision in the Civil Practice Act or in the Judiciary law which requires the service upon the husband of a certified copy of the *order* as a prerequisite to his punishment for contempt. *Tucci* v. *Tucci* (230 App. Div., 737), cited by defendant, is not in point, for in that case the court was concerned with the enforcement of a final *judgment*.''

After distinguishing *Tucci* v. *Tucci* (230 App. Div. 737, *supra*) because the failure there was to serve a certified copy of a *final judgment* (Civ. Prac. Act, § 505, formerly Code Civ. Pro., § 1241) and is no precedent for cases of intermediate orders, Justice STEINBRINK continues: '' In view of this apparent conflict and in the light of the present trend of the decisions, I am led to the following conclusion: In the absence of specific statutory directions there can be no reason in logic or in experience for compelling a party seeking to enforce a pendente lite order providing for the payment of alimony to serve a certified copy of such order upon one who knows of its existence and is familiar with its provisions (*Davis* v. *Davis,* 83 Hun, 500; *Wallach* v. *Wallach,* 138 Misc., 5; *Schwartz* v. *Schwartz,* New York Law Journal, February 10, 1931, per FRANKENTHALER, J.; *Gold* v. *Gold,* New York Law Journal, December 11, 1930, per GLENNON, J.; *Shine* v. *Shine,* New York Law Journal, June 4, 1929, per CROPSEY, J.).''

In *Miles* v. *Miles* (235 App. Div. 706, *supra*) the husband had been held in contempt for failure to pay alimony under an order *pendente lite,* although no copy thereof was served upon him; a copy was served only upon his attorneys. The order was reversed, the memorandum decision reading '' A certified copy of the order requiring defendant * * * was not served on him personally and he cannot, therefore, be held in contempt.'' This language is puzzling since he did not show in his brief that a *certified* copy was needed, since *he cited no authority to that effect.* The decision is clearly not authority, since the *dicta* as to a *certified* copy was entirely outside of the case, and on a question not presented by the record. Under section 163 of the Civil Practice Act the order, being '' a paper to bring a party into contempt '', must be served on him personally.

In the *Feit* case (224 App. Div. 857, *supra*) the *dictum* about a *certified* copy is not in harmony with that court's prior ruling in the *Lawrence* case (*supra*), but it may be ignored because the decision was made on the fact that the wife had elected to sequester; therefore, she could not proceed on an alleged " contempt so long as the receivership lasts."

In New York Law of Alimony by Messrs. Charles Rothenberg, Burton B. Turkus and Philip E. Kopstein, it is said (p. 154) that a certified copy must be served upon the husband personally before he may be punished for contempt, but that " Of late a disposition has manifested itself in the decisions to overlook this requirement if the husband knew of the existence of the order or judgment, and was familiar with its terms * * * ", citing the *Lawrence* case (202 App. Div. 844, *supra*) and other cases.

In view of the foregoing it is difficult to see how or when the idea of the need for a certified copy of an order first arose. It seems completely unfounded but has evidently persisted, in spite of decisions to the contrary; perhaps the loose language in the *Miles* case (*supra*) is the reason for its persistence. The Legislature that long ago enacted section 505 of the Civil Practice Act, providing that a certified copy of a *judgment* must be served upon one who is to be put in contempt, has never seen fit to make a similar provision about the service of any kind of matrimonial *order*. The false notion that a similar duty lies upon one who seeks to put a party in contempt of an *order*, should be finally abandoned. Granted; settle order on notice.