THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS SCHEINMAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM SPANIER, Appellant.— Defendants Scheinman and Spanier, who were copartners engaged in the wholesale egg business, were charged with violating regulation 27 of section 148 of the Sanitary Code of the City of New York. Four separate complaints were made against Scheinman and one against Spanier. After trial before a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, at which all the complaints were tried together, defendants were convicted and sentenced to pay fines or, in default thereof, to be committed to City Prison. Defendants paid the fines and appeal. Judgments reversed on the facts, the fines remitted and the complaints dismissed. The People failed to establish beyond a reasonable doubt that defendants violated the statute. Hagarty, Johnston and Lewis, JJ., concur; Close, P. J., and Adel, J., dissent and vote to affirm.

MINNIE SHUSTERMAN, Respondent, v. MORRIS SHUSTERMAN, Appellant.— In an action for separation, order adjudging defendant in contempt for failure to comply with the provisions of an order awarding alimony and counsel fee to plaintiff, affirmed, with $10 costs and disbursements. No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur. [184 Misc. 1060.]

HELEN B. VLASTOS, as Administratrix of the Estate of COSTAS P. VLASTOS, Deceased, Appellant, v. ATLANTIC BASIN IRON WORKS et al., Respondents.— Plaintiff appeals from a judgment dismissing her complaint upon the merits at the close of plaintiff's case. Plaintiff's intestate was employed by a subcontractor of defendant George A. Fuller Company. While so employed he was directed by his employer to paint the woodwork around certain skylights on the roof. The roof had a pitch of approximately sixteen degrees. In some unexplained manner the plaintiff's intestate fell through a skylight to the floor below, a distance of forty-two feet. Under the undisputed testimony, there was no question of fact as to the defendants' negligence to be submitted to the jury. Judgment unanimously affirmed, with costs. Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ. [See *post,* p. 942.]

IDA WEISSBERG, Appellant, v. ANNA WEISSBERG, Respondent, et al., Defendants.— In an action to recover the proceeds of two policies of life insurance under an alleged oral prenuptial agreement, the court dismissed the complaint at the close of the whole case and directed judgment for defendant Anna Weissberg on her counterclaim. Judgment unanimously affirmed, with costs. No opinion. Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ.