George A. Timone, J.
By order dated December 7, 1955 this court directed the respondent husband to pay $27 per week for the support of his wife and child. The parties were then not represented by counsel and they did not inform the court of a prior action for separation in the Supreme Court.
On this motion by the respondent husband, for a rehearing at which both parties are represented by counsel, it now appears that in an action in the Supreme Court, Bronx County, brought by the wife for separation she obtained an order dated September 17,1954 awarding her temporary alimony of $20 per week for her support and for the support of a child then to be *906 born. The parties reconciled in June, 1955 and lived together until October, 1955 when they again separated. In the meantime when the case appeared on the calendar on September 15, 1955 it was marked “ off”. Following the second separation the husband made three weekly $20 payments to his wife and then stopped. In November, 1955 the wife applied to this court and on December 7,1955 there was a hearing resulting in the above-mentioned support order.
The respondent husband now urges that on the date of this court’s support order the Supreme Court action was pending and the order for temporary alimony in effect and that this court therefore could make an order only ‘‘ within the limits of the order * * * of the supreme court ” (N. Y. City Dom. Rel. Ct. Act, § 137, subd. 2). The wife’s position is that the reconciliation in June, 1955 constituted as a matter of law a final termination by abandonment of the Supreme Court action and of the order pendente lite made therein.
A reconciliation following a final judgment of separation has been given the effect of merely suspending during the period of reconciliation, rather than completely terminating, the provision for the payment of alimony. (Sommer v. Sommer, 248 App. Div. 827, affd. 274 N. Y. 539; Lowe v. Lowe, 279 App. Div. 852.) A reconciliation prior to final judgment but subsequent to an order for alimony pendente lite constitutes a waiver of alimony by the wife. Whether a separation following this reconciliation results in a “ revival ’’ of the alimony order turns on whether the husband’s “ conduct ” caused the second separation. (Luxenberg v. Luxenberg, 230 App. Div. 513; Lawrence v. Lawrence, 202 App. Div. 844.) The wife’s proceeding in this court as well as this court’s support order are bottomed on the premise that the husband is responsible for the second separation. On December 7, 1955 the Supreme Court action was still pending and the order made therein was not terminated. This court has no power, in these circumstances, to require a husband to pay an amount greater than is provided in an effective order of the Supreme Court. If the wife claims a change in circumstances, the argument should be addressed to that court.
It is therefore ordered that the order of December 7, 1955 is hereby modified, nunc pro tunc to the extent of reducing the respondent’s weekly payments from $27 to $20 per week.
The clerk will send a copy of this opinion and order to the attorneys for both sides.