■ In the Matter of the Accounting of JAMES J. McCULLOCH, as Substituted Trustee under a Trust Agreement Made by LOUISE B. ECKERT, as Grantor, for DANIEL D. BEALE, as Life Beneficiary. In the Matter of the Accounting of JAMES J. McCULLOCH, as Substituted Trustee under a Trust Agreement Made by LOUISE B. ECKERT, as Grantor, for JOHN F. BEALE, as Life Beneficiary. JAMES J. McCULLOCH, Appellant; NATIONAL SURETY CORPORATION, Respond-

ent.— In each of two proceedings for judicial settlement of appellant's respective accounts as substituted trustee under separate trust agreements, an order was made surcharging him in a stated amount and directing him to pay the surcharge to the successor trustee. The respective amounts were thereafter paid in full to the successor trustee, in part by appellant and in part by respondent, the surety on his bond in each matter. Appellant has not reimbursed respondent for the portions paid by it, except for a small amount on account. The appeals are from two orders, which granted respective applications by respondent to adjudge appellant guilty of contempt of court in having willfully disobeyed the respective surcharging orders. Orders reversed, without costs, and applications denied, without costs. Each of these applications to punish appellant for contempt, could only have been entertained upon the authority of subdivision 5 of section 505 of the Civil Practice Act, and then only if each of the surcharging orders could be regarded as a "judgment" within the contemplation of that section. Assuming that each of the surcharging orders is such a judgment, the remedy provided by the said section is not available against appellant unless, as stated in subdivision 5 thereof, the judgment required him to pay the money in question "for a wilful default or dereliction of his duty." Neither of the surcharging orders contains an adjudication that appellant was guilty of a "wilful default or dereliction of his duty." Further, a prerequisite for the granting of these applications to punish for contempt of court is that a certified copy of each of the surcharging orders has been served on the appellant (Civ. Prac. Act, § 505; cf. *Tucci* v. *Tucci,* 230 App. Div. 737, and *Matzke* v. *Matzke,* 185 App. Div. 533), which was not done in this case. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.