Benjamin Bbenneb, J.
Plaintiff wife moves for judgment for the arrears of alimony and counsel fees. Defendant husband cross-moves to vacate the order granting temporary alimony and counsel fees and to dismiss the complaint on the ground that the action has been abandoned by an admitted reconciliation of the parties.
On June 28, 1957 the defendant was ordered by this court to pay temporary alimony of $60 per week and a counsel fee of $400. In September, 1957 the parties became reconciled but in March, 1958 they again separated.
A reconciliation following a final judgment of separation has been given the effect of merely suspending the alimony payments during the period of reconciliation rather than of completely terminating the provision for such payment (Sommer v. Sommer, 248 App. Div. 827, affd. 274 N. Y. 539; Lowe v. Lowe, *841 279 App. Div. 852). However, a reconciliation prior to final judgment but subsequent to an order for alimony pendente lite constitutes a waiver by the wife of alimony unless followed by a further separation caused by the husband’s conduct. Thus, a determination of whether the separation following the reconciliation in the instant case resulted in a revival of the order for alimony pendente lite turns on whether the husband’s conduct caused the second separation (Luxenberg v. Luxenberg, 230 App. Div. 513).
Ordinarily, the preliminary question which must be resolved is whether the parties were actually reconciled. Here this question does not arise since the plaintiff in her affidavits admits that there was an intent to reconcile and this admission binds the wife that there was in fact a bona fide reconciliation. (Dubin v. Dubin, 174 Misc. 952, affd. without opinion 261 App. Div. 945, motion for leave to appeal denied 261 App. Div. 1057.) But whether the defendant’s acts caused the second separation cannot be determined on affidavits and must be referred for a full hearing.
The defendant raises the further problem that, without his knowledge, an inquest was taken in this action before the late Official Referee Frank E. Johnson who passed on before making findings or rendering judgment thereon. Of course, if plaintiff’s motion for judgment for arrears of temporary alimony is favorable to the defendant husband he may then renew his cross motion to dismiss the complaint which, if granted, will also be dispositive of the problem raised by the inquest. However, should the plaintiff wife’s motion be favorable to her, it logically follows that the complaint may not be dismissed. In the latter event, the defendant husband may or may not find it useful to move directly relative to the aforesaid inquest.
Accordingly, since the parties have agreed to a determination of plaintiff’s motion by an official referee, if same were to be ordered, such motion is so referred for hearing and determination of the following question: Did the actions of the defendant husband during the period of reconciliation from September 15, 1957 to March 1,1958, cause the subsequent separation and thus revive the original order of alimony? Should such determination be in the affirmative, then, again on the agreement of the parties, the amount of the judgment to be found shall be in the sum of $2,500, representing unpaid temporary alimony up to and including the date of the entry thereof.
As indicated, the defendant’s cross motion to dismiss the complaint is presently denied without prejudice to a renewal thereof.
Settle order on notice.