Frank A. Gulotta, J.
On this motion to punish the defendant for contempt for failure to pay alimony under a judgment of separation, he cross-moves under section 1172-a of the Civil Practice Act for a modification of the decree so that all provisions for alimony be stricken therefrom and all arrears be cancelled.
*140 The trial of this action on November 25, 1959, resulted in a judgment of separation in favor of the plaintiff, an award of $65 per week commencing December 1, 1959, and thereafter $70 per week commencing December 29, 1959, as and for the education and maintenance of the two children of the marriage and the support and maintenance of the plaintiff. Custody of the children was given to the mother with certain rights of visitation to the father.
A formal decree or judgment, based upon the decision rendered in open court on November 25, 1959, was granted by the court on January 4, 1960, and entered in the Nassau County Clerk’s office on January 5, 1960.
The amount presently due the plaintiff up to and including the February 9,1960, payment is $250, the sum of $240 of a total arrearage of $490 having been paid since the making of this application.
The contention of the defendant that he may not be punished as for a contempt of this court because he was never personally served with a copy of the judgment is without merit. He and his attorney were present in the courtroom when the decision was announced by the Justice presiding. Thereafter he made four payments pursuant to said judgment. Prior to its entry his attorney was served with a copy of the proposed decree which was eventually signed. Subsequently in telephone conversation with plaintiff he showed an awareness of the terms of the decree, but since that time the plaintiff has been unable to effect personal service upon him.
In 1946, section 1172 of the Civil Practice Act was amended so as to provide for personal service of a noncertified copy of a matrimonial judgment or order, as a prerequisite to a contempt proceeding. This was an attempt to clarify and standardize the requirements about which there was a good deal of uncertainty at the time. (See, cases collected in Shusterman v. Shusterman, 184 Misc. 1060, affd. 269 App. Div. 788.)
In 1952, in Bishock v. Bishock (280 App. Div. 830) it was held that á defendant could be punished for violation of an order of which he had knowledge, although not served personally. The 1946 amendment to section 1172 was not mentioned.
It does not seem to me that this holding should be taken as a repeal of that portion of section 1172 of the Civil Practice Act, so that now it is no longer necessary to serve, or even attempt to serve, a defendant personally, before invoking contempt proceedings against him. However it does permit a plaintiff to show a reason for noncompliance and such would be the case where a defendant, has successfully avoided personal service.
*141 I find that to he the case here and the defendant is adjudged in contempt and fined the arrears. He may purge himself of contempt by paying same at the rate of $10 per week in addition to current alimony.