■ GLORIA S. O'MEARA, Respondent, v. DAVID O'MEARA, Defendant-Appellant and Third-Party Plaintiff. CARLA O'MEARA, Third-Party Defendant.— Order entered September 9, 1965, herein appealed from, which granted plaintiff's motion for alimony *pendente lite* and counsel fees, and fixed the same at $200 per week and $2,000 respectively, the alimony to commence July 1, 1965, is modified on the law, the facts and in the exercise of discretion, to reduce the award of alimony to $100 per week and counsel fees to $1,000, payable on the same terms and conditions. As so modified the order is otherwise affirmed, without costs or disbursements to either party. The record neither supports nor warrants the award made at Special Term. The parties were married October 28, 1962, it being a second marriage for both. There are no children issue of the marriage, though plaintiff has a daughter by a prior marriage, age 18 years at the time of commencement of the action, for which she was receiving support from the father. The parties separated first in March, 1963, again in September, 1963 and finally in May or June, 1964. Plaintiff by profession is an actress, about age 40, and apparently in good health. The causes of the separation are sharply disputed. The case could and should have gone to early trial (Domestic Relations Law, § 249), it having been so noticed in August, 1965. Order entered January 25, 1966, which granted the plaintiff's motion to punish defendant for contempt, unanimously modified, on the law and the facts, to reduce the amount payable to $3,200, inclusive of counsel fee as allowed in the companion appeal and otherwise affirmed, without costs or disbursements to any party. Such order is further modified to provide that appellant shall have an opportunity to purge himself of contempt by payment of such sum within 20 days after service of a copy of the order herein with notice of entry thereon upon appellant's attorney. Execution of any judgment entered thereon shall be stayed for a like period of 20 days. In the event appellant purges himself of contempt by payment in accordance with the terms of the order as modified, an immediate trial of the issues should be had (Domestic Relations Law, § 249). While section 245 of the Domestic Relations Law, by its terms seems to require personal service of a copy of the order or judgment upon the husband as a jurisdictional prerequisite to contempt proceedings, the section is identical with section 1172 of the Civil Practice Act. Under that section it has been frequently held actual knowledge of the terms and provisions of the order is sufficient (*Ziegler* v. *Ziegler*, 24 Misc 2d

139; *Hayes* v. *Hayes*, 204 N. Y. S. 2d 195). Settle order on notice. Concur — Stevens, J. P., Steuer, Capozzoli and Rabin, JJ.