■ LEAH LOWINGER, Appellant, v ROBERT LOWINGER, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Imperato, J.H.O.), dated November 7, 1985, which granted that branch of the defendant husband's motion which was for enforcement of an agreement with respect to visitation.

Ordered that the order is affirmed, with costs.

Although an order denying the plaintiff's cross motion to compel arbitration was never signed, entered or served on the plaintiff as required (see, CPLR 2219, 2220; McCormick v Mars Assoc., 25 AD2d 433), the plaintiff, having actual notice of the proposed order and being aware of the court's repeated assertions of its jurisdiction in the matter, acted improperly in waiting two years, until the very eve of the hearing on the custody and visitation matter, before indicating that she was challenging the propriety of the court's retention of jurisdiction. In this instance, the Judicial Hearing Officer acted properly in raising, sua sponte, an equitable bar to relitigation

of the issue, as a matter of public policy, to protect the integrity of the proceedings (cf. Simmons v Benn, 96 AD2d 507, 508). Moreover, since even the plaintiff's evidence showed that the Rabbinical Court would only have had jurisdiction to grant one of the alternative remedies sought by the defendant, i.e., that branch of the motion which sought enforcement of the agreement, but not that branch of the motion which sought modification of the agreement, jurisdiction to hear the motion was *not* shown to reside in the Rabbinical Court.

The evidence before the court was sufficient for it to properly reject the allegation of the plaintiff that the defendant had sexually abused their daughter. Thus, the enforcement of the unsupervised visitation to which the parties had originally stipulated was entirely proper and no further psychiatric evaluation or hearing is warranted.

We further reject the plaintiff's contention that she was improperly limited by the court in her access to psychiatric reports or in her cross-examination of witnesses. Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.