■ JANE L. CARTER, Appellant, v DAVID M. CARTER, Respon-

dent.—In a support proceeding pursuant to Family Court Act article 4, the petitioner mother appeals from an order of the Family Court, Kings County (Tejada, J.), dated March 7, 1988, which denied her objections to an order of the same court (Grosvenor, H. E.), dated January 18, 1988, which, after a hearing, dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petitioner's objections to the order of the Hearing Examiner are sustained, the order of the Hearing Examiner is vacated, the petition is granted, and the matter is remitted to the Family Court, Kings County, for a hearing and calculation of arrears in accordance herewith.

The parties were divorced on or about May 9, 1980, by a judgment in favor of the petitioner and upon the respondent father's default in appearing. Pursuant to the terms of the judgment, the respondent was obligated to pay the sum of $10 per week to the petitioner as alimony and $40 per week for the support of their two children. The judgment of divorce further directed the petitioner to serve a copy of the divorce judgment with notice of entry upon the respondent within 20 days of the date of the judgment. The petitioner, who appeared *pro se* in the divorce action, apparently did not serve the respondent with a copy of the divorce judgment with notice of entry until after the instant enforcement proceeding was concluded. Thus, the respondent contended that the Family Court was without jurisdiction to enforce the judgment owing to the petitioner's failure to serve it upon him. The Hearing Examiner agreed and dismissed the proceeding, finding that the petitioner's application to enforce the alimony and child support provisions of the divorce judgment was premature. The Family Court denied the petitioner's objections to the order of the Hearing Examiner.

On this appeal, the determinative issue is whether the petitioner may recover from the respondent arrears in alimony and child support occurring prior to actual service upon the respondent of a copy of the divorce judgment with notice of entry. The fact that the respondent had actual notice of the divorce judgment cannot be seriously disputed. The petitioner sought to enforce the support provisions of the divorce judgment as early as 1982 and had been successful in obtaining an increased award. In connection with those enforcement proceedings, several arrest warrants had been issued due to the respondent's failure to appear. The respondent interposed an answer in one of the enforcement proceedings, paid an undertaking and made several court appearances without objecting

to the petitioner's failure to make proper service of the judgment. Indeed, the respondent, in reliance upon the divorce judgment, subsequently remarried. We find nothing persuasive in the history of this case to permit the respondent at this late date to interpose this technical defense and we deem that it has been waived (see generally, Lowinger v Lowinger, 125 AD2d 370). In reaching this determination, we draw an analogy between the instant case and a contempt proceeding. Although, generally, service of a copy of the order or judgment is a jurisdictional prerequisite to contempt proceedings for failure to meet support obligations (see, e.g., Mintzer v Mintzer, 265 App Div 973; Goldfarb v Goldfarb, 235 App Div 867), actual knowledge of the terms and provisions of the judgment has been held to be sufficient (see, O'Meara v O'Meara, 27 AD2d 655). Clearly, if actual knowledge is sufficient where the severe sanction of contempt is threatened, it is also enough where a party merely seeks entry of a judgment for arrears (see, Minnier v Minnier, 188 Misc 100, affd 275 App Div 995, affd 300 NY 656). Thus, the petitioner is entitled to recover arrears commencing on the date set forth in the divorce judgment, to wit, May 12, 1980. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.