LUCY M. MINNIER, Plaintiff, v. BLYTHE J. MINNIER, Defendant.

Supreme Court, Special Term, Jefferson County, December 27, 1946.

*Tripp & Dunk* for plaintiff.

*A. Raymond Cornwall* for defendant.

KIMBALL, J. The plaintiff has applied to the court for an order directing entry of judgment for arrears of alimony pro-

vided in the decree pursuant to section 1171-b of the Civil Practice Act. It is conceded that the defendant was not personally served with a certified copy of the decree. The defendant has raised the objection that the court is without jurisdiction to grant the order, taking the position that service of a certified copy of the decree upon the defendant is a prerequisite to an application for the entry of the judgment. While the question does not appear to have been directly passed upon by the courts since the enactment of section 1171-b, it is my opinion that the defendant's position cannot be maintained.

The section was added by chapter 431 of the Laws of 1939 and amended by chapter 226 of the Laws of 1940. It was provided that " The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law." The purpose of the section is to provide a means of docketing a judgment for money due under the original decree. " The remedy thus provided by the statute was not even new in so far as it was applicable to unpaid alimony under a judgment. It had been recognized as an existing remedy under such a judgment long before the enactment of the statute." (*Durlacher* v. *Durlacher*, 173 Misc. 329, 331–332.) The court said in *Thayer* v. *Thayer* (145 App. Div. 268, 270): " Such an order is not the rendition of a new judgment for the amount, but merely a means of putting into practical effect the plaintiff's right to have her judgment put in such form that execution can be issued upon it."

The statute makes no provision for service upon the defendant of a certified copy of the decree and there would seem to be no more reason for such service than in any other case where a plaintiff has obtained a money judgment against a defendant.

The application under section 1171-b is in no way related to the enforcement of payment of alimony by contempt proceedings which are regulated by article 19 of the Judiciary Law. The purpose of contempt proceedings is twofold. One is to recover the alimony due and the other is to punish the defendant for disobeying the mandate of the court. It has been uniformly held that to hold a defendant in contempt in such case, he must first be served with a certified copy of the decree. (*Tucci* v. *Tucci*, 230 App. Div. 737; *Miles* v. *Miles*, 235 App. Div. 706.) The reason for this rule is obvious.

Where the defendant is without the jurisdiction and service of a certified copy cannot be made, the remedy by way of contempt is unavailable. It is otherwise where the plaintiff merely seeks, by order, to docket a judgment for a given sum for past-due alimony already awarded to her by the decree. In *Lawrence*

v. *Lawrence* (202 App. Div. 844) the court said: "In our opinion the failure to serve a certified copy of the decree does not prevent the enforcement of the arrears of alimony."

The objection of the defendant is overruled and an order may be taken for a reference to an official referee to hear the proofs of the parties as to the amount of alimony due and unpaid and to report his findings to the court.