MIRIAM GOULD, Plaintiff, v. HENRY GOULD, Defendant.

Supreme Court, Special Term, Queens County, May 24, 1954.

*Arthur I. Goldstein* for plaintiff.

*S. Walter Frank* for defendant.

HALLINAN, J. Plaintiff moves for leave to enter judgment for arrears of alimony totaling $5,740, accrued under a judgment of divorce in her favor, dated March 31, 1947.

Defendant opposes the motion on the ground that he was not served with a copy of the judgment; that by reason of

certain payments made by him through the years and his support of the children in his own home for a period of time under an arrangement with the plaintiff, there is nothing due. He urges, moreover, that due regard to a change of circumstances of the respective parties since the entry of the judgment of divorce warrants not only the denial of the motion, but the reduction of future installments of alimony and the granting of the right of visitation, for which there is no provision in the judgment.

The fact that defendant was not personally served with a copy of the judgment is without merit upon an application for leave to enter judgment for unpaid alimony as distinguished from one to punish for contempt. (*Minnier* v. *Minnier,* 188 Misc. 100, affd. 275 App. Div. 995, affd. 300 N. Y. 656.) Even in contempt proceedings where personal service of a copy of the order or judgment is necessary, a party may be punished for contempt if he had knowledge of the terms of the order or judgment. (*Bishock* v. *Bishock,* 280 App. Div. 830.) Here, knowledge of the terms of the judgment is beyond question since the defendant admits at least partial compliance therewith. (*Silber* v. *Silber,* 128 N. Y. S. 2d 181.)

The relief which may be granted upon a motion, pursuant to section 1171-b of the Civil Practice Act for leave to enter judgment for unpaid alimony, is discretionary. (*Schreck* v. *Schreck,* N. Y. L. J., May 18, 1954, p. 9, col. 7.) The court may permit judgment to be entered for all or part of the accrued alimony or refuse such relief altogether, '' having regard to the circumstances of the respective parties '' (*Walker* v. *Walker,* 91 N. Y. S. 2d 450). In effect, the court is vested with discretion to '' extinguish part or all of the accrued alimony where circumstances make it equitable ''. (1948 Report of N. Y. Law Revision Commission, pp. 241–242.) These circumstances may be asserted defensively in the husband's opposing affidavit and there is no necessity for a formal cross motion to extinguish part or all of the past-due alimony. A simple request in the opposing affidavit, supported, however, by a complete statement of the facts relied upon for invoking the court's discretion is sufficient.

There is no provision, however, in the statute permitting the court, without a formal motion or cross motion, to reduce future alimony payments. Accordingly, a mere request in the husband's papers in opposition to reduce future alimony payments is insufficient to confer jurisdiction upon the court to make such modification. (Cf. *Karl* v. *Salkins,* 283 App.

Div. 470, and *Harrington* v. *Harrington*, 279 App. Div. 690.) This may be done either by a cross motion or an independent motion to modify, initiated by an order to show cause, as provided in section 1170 of the Civil Practice Act. Upon such a motion, the court is vested with discretionary power to modify both with respect to "unpaid sums or installments accrued prior to the application as well as to sums or installments to become due thereafter." The requirement of a formal motion is as applicable to a modification of a judgment with respect to the custody, care and visitation of children of the parties, as it is to its modification as to alimony.

It follows that so much of the request asserted in the defendant's opposing affidavits as seeks the modification of future alimony payments and the right of visitation of the children must be denied, without prejudice to an application therefor as provided in section 1170 of the Civil Practice Act.

For the present, the court may only pass upon plaintiff's application for leave to enter judgment for the accrued alimony and give consideration to the facts asserted in the opposing papers as the basis for extinguishing all or part of such alimony. However, it is impossible without a plenary hearing to do justice to both parties by determining the motion only upon the contradictory affidavits of the parties, which consist largely of conclusory statements without proof. Accordingly, the matter is respectfully referred to an official referee to take testimony and determine the amount of arrears, if any, for which judgment should be entered, having regard to the circumstances of the respective parties, and thereupon to enter judgment in accordance and to fix the amount of the expenses to which plaintiff may be entitled, pursuant to section 1172-d' of the Civil Practice Act.

Settle order on notice.