Irvihg H. Saypol, J.
The petitioner’s application for an order under article 78 of the Civil Practice Act was denied on March 19, 1956 (N. Y. L. J., March 20, 1956, p. 7, col. 1), with direction to settle order. Counter orders were not submitted until a year and a half later on October 29, 1957. The application was deemed abandoned and signature was declined pursuant to the Special Rule as to Long Form Order, effective April 19, 1955. (N. Y. L. J., Oct. 31, 1957, p. 5, col. 8; see, also, the separate Rule III, subd. 10, of the rules of this court, added March 1, 1955.)
The respondents have presented another order with a supporting affidavit which states that petitioner’s original counsel has been substituted, that new counsel has instituted another proceeding and that the contemplated defense of res judicata can only rest on entry of the proposed order. It is urged that the rule for abandonment of a motion can have no application to a special proceeding. The petitioner reverses his position, opposes the entry of the order and argues that the rule is applicable to all motions and orders.
I am satisfied that the rule has no application to a final order in a special proceeding. Such an order lays the basis for the judgment in the special proceeding and the language of the statute, sections 1300 to 1303 inclusive of the Civil Practice Act, supports that view. It decrees a final enforcible remedy as distinguished from the usual order on motion within an action or special proceeding. (Matter of La Fountain v. Todd, 259 *824 App. Div. 788; Matter of Rosenthal v. Graves, 168 Misc. 845.) There is no statutory limitation of time for entry of judgment; it is doubtful that any such restriction could validly be imposed by rule.
The respondents’ order has been signed.