■ In the Matter of SERAFINO VELARDI et al., Appellants, v. THEODORE H. LANG, as Chairman of the City Civil Service Commission of the City of New York, and Personnel Director of the Department of Personnel of the City of New York, et al., Respondents, and ERWIN J. ALEXY et al., Intervenors-Respondents.— Order entered March 2, 1966, as herein appealed from, unanimously modified, on the law, and in the exercise of discretion, to the extent of vacating the judgment dismissing the petition and to direct a speedy trial of the issues. As so modified the judgment is otherwise affirmed, without costs or disbursements to either party, and without prejudice to a renewal of the motion to dismiss by respondents and intervenors-respondents should appellants fail to complete all preliminaries and move within 20 days after publication of the order herein for an immediate trial of the issues. This article 78 proceeding was commenced in December, 1964 and should have been disposed of long ago. Special Term, on the papers and proceedings before it, considered that petitioners had raised a triable issue. Accordingly a hearing was ordered and settlement of such order directed. Petitioners failed to submit such order within 30 days and on motion of respondents and intervenors-respondents a judgment was entered which, *inter alia,* dismissed the proceeding. This court granted leave to appeal only from that portion of the order and judgment which dismissed the proceeding. Under rule VIII (subd. 1, par. [f]) (Bronx and New York County Supreme Court Rules, pt. 1) failure to comply with the requirement to submit an order, after a decision upon a motion so directs, results in such motion being deemed abandoned. What ordinarily would have been deemed abandoned here would have been the motion for and subsequent direction granting an early hearing. Now under the provisions of CPLR 7806 instead of a final order in article 78 proceedings the court directs judgment as was done here. The judgment dismissing the petition was not on the merits and the provision in the rule as to abandonment of a motion has no application to a judgment in a special proceeding (cf. *Matter of Schoen* v. *Schechter,* 9 Misc 2d 823, affd. 5 A D 2d 866). Concur — Rabin, J. P., McNally, Stevens and Eager, JJ.