William W. Serra, J.
This is a proceeding brought under article 4 of the Family Court Act to enforce an order of support of the Supreme Court, Steuben County, New York, which provides in part as follows: “ and it is further ordered, adjudged, and degreed that pending the further order of this court, the plaintiff shall pay to the defendant the sum of $20.00' weekly for support, maintenance and education of the said child.”
The decree of divorce which contains the said order for support was made and entered after a trial upon default as to the issues of adultery and upon testimony by both sides regarding custody and support. The trial was held without a jury on January 13, 1965. At the trial, in the presence of both parties and their attorneys, the court orally directed that custody of the child would be given to the mother, the defendant in the divorce action, and that support would be paid at the rate of $20 per week. The divorce decree was submitted by plaintiff’s attorney therein but was not signed, as shown by the handwritten date filled in at the end of the decree, until April 3, 1967, nearly 27 months later. The decree was entered for a judgment of divorce on April 6, 1967, in the Steuben County Clerk’s office. There is no statutory period limiting the time for the entering of judgment. (Matter of Schoen v. Schechter, 9 Misc 2d 823.) The court in this proceeding finds that the respondent herein, plaintiff in the divorce action, was $263.49 in arrears as to his $20 per week payments on April 3, 1967, if such payments are deemed enforcible at this time. The same amount would have been delinquent on April" 6, 1967, and the next payment would be due and payable on April 10, 1967. Since the dates of signature of the decree and entry of the judgment there has been *467 a further delinquency to October 16, 1967, the payment date preceding the hearing date in this court, October 20, 1967, in the amount of $110.
The petitioner demands an order of this court directing the payment of arrears from January 13, 1965, at the rate fixed by the Supreme Court. The respondent prays that any order of this court be on a basis concurrent with the proceedings herein, but in any event, not to antedate the making and entry of the order. No issue has been raised as to service of the judgment decree, which the court assumes, by reason thereof to have been made at or about the time of entry. Entitlement to arrears is not, in any event, to be predicated upon such service. (Gould v. Gould, 206 Misc. 546; Minnier v. Minnier, 188 Misc. 100, affd. 275 App. Div. 995, affd. 300 N. Y. 656.)
Subdivision (b) of section 461 of the Family Court Act provides, in part, as follows:
“If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may
(i) entertain an application to enforce the order requiring support ’ ’.
Proceeding under the authority of this statute, this court will enforce the order of the Supreme Court, including those arrears to which the petitioner is entitled.
It has long been the law of this State that a judgment does not antedate its entry and docketing. (Roberts v. White, 7 Jones & Sp. 272.) It has also been held that the oral directions from the court from the Bench are without effect until entered as an order and are merely a direction and guide to the parties and their attorneys for the preparation and submission of the formal order. (School of Music of Brooklyn Free Musical Soc. v. Moritt, 135 N. Y. S. 2d 43; Le Glaire v. New York Life Ins. Co., 5 A D 2d 171.) In the instant case, moreover, while the caption of the decree relates, for record and information purposes, to the hearing date, the Justice in signing the decree, nearly 27 months later, chose to redate the decree at the end to his signature date. Had he chosen to make the support order effective at any particular date after commencement of the action it was within his power to do so. Had he chosen to make the order retroactive, as to its support terms, this, too was within the power of the Justice. (McCarthy v. McCarthy, 143 N. Y. 235; Harris v. Harris, 259 N. Y. 334; Forrest v. Forrest, 25 N. Y. 501 ; Burr v. Burr, 10 Paige ch. 20.) The petitioner herein, moreover, in failing to apply for a support order for more than two years after the hearing may be considered to have waived her right *468 to such support order, as she, too, has an obligation of support for her child which she assumed during the period when she took no action to enforce her rights against her husband, whether under the Domestic Relations Law, the Family Court Act, or any other appropriate statute. She had, moreover, a right to move for amendment and correction of the decree, mmc pro time, had she felt such remedy appropriate. ‘ ‘ When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such determination.” (See Merrick v. Merrick, 266 N. Y. 120, 122; Cornell v. Cornell, 7 N Y 2d 164, 167; Mohrmann v. Kob, 291 N. Y. 181, 186; CPLR 2001.)
The court therefore concludes that it was the intention of the Presiding Justice that his order be made effective from the date of the decree, that this court is without authority to consider enforcement prior to such date, and that the petitioner is entitled to enforcement of the support provisions payable to her for the benefit of her son from the 3d day of April, 1967 to the 20th day of October, 1967 and thereafter for so long as such decree shall remain in full force and effect.
Arrears in the amount of $110 from April 3, 1967, to October 20, 1967, and all subsequent arrears not paid to the date of the entry of a final order pursuant to this decision shall be paid at the rate of $10 per week until paid commencing the first Monday after service of such order with notice of entry. Support payments shall continue at the rate of $20 per week for current support. All payments shall be made through the Probation Department of the County of Allegany. If the parties hereto are unable to determine the extent of arrears subsequent to the 20th of October 1967, either party may schedule a further hearing on notice before the court for such determination of fact. All payments to be made pursuant to such order shall be paid through the Director of Probation of the County of Allegany.