■ In the Matter of Aletha Butts "MM"*, Respondent, v. Donald Melvin "MM"*, Appellant.— Appeal from an order of the Family Court, Chemung County, entered May 5, 1971. The parties were divorced pursuant to a decree of divorce entered in Chemung County on or about December 15, 1969. On April 14, 1971 respondent petitioned the Family Court pursuant to section 454 of the Family Court Act for an order enforcing a support order charging appellant with the support of respondent, his ex-wife. On the same day appellant applied for a hearing in the proceeding which resulted in the support order, and also sought dismissal of the petition on the grounds that the Family Court had no jurisdiction. The Family Court denied appellant's motions and ordered appellant to pay the arrearages. Appellant contends that the Family Court has no jurisdiction to entertain a support petition by an ex-wife. It is fundamental that the obligation of a husband to support his wife must be based upon a valid marriage. (Family Ct. Act, § 412; *Matter of Carter* v. *Carter,* 19 A D 2d 513.) Thus, jurisdiction of the court in a support proceeding brought by a former wife is always subject to attack on the ground that a valid divorce exists between the parties. (*Matter of Carter* v. *Carter, supra.*) The order appealed from arose out of an original petition in the Family Court to enforce the alimony provisions of the divorce decree. The divorce decree being silent as to which court had authority to enforce or modify the alimony provisions therein, the Family Court had jurisdiction to entertain the petition for enforcement of the alimony provisions. (Family Ct. Act., § 466.) The problem in this case is not the question of jurisdiction of the court, but the method by which the court sought to enforce the provisions of the decree. In attempting to enforce the decree, the Family Court resorted to the support provisions of article 4 of the Family Court Act, rather than to the statutory methods of enforcement of divorce decrees contained in the Domestic Relations Law. (Domestic Relations Law, §§ 244, 245.) Since the obligation to support under section 412 of the Family Court Act is founded on the existence of a valid marriage, the procedure whereby the court sought to enforce the decree

---

* Fictitious names.

of divorce was improper. Thus, while the Family Court in this proceeding had concurrent jurisdiction with the Supreme Court to enforce the alimony provisions of the divorce decree, such jurisdiction was limited to enforcement thereof pursuant to the provisions of sections 244 and 245 of the Domestic Relations Law. The order of the Family Court must, therefore, be reversed, and the matter remanded to the Family Court for further proceedings not inconsistent with this determination. Order reversed, on the law and the facts, and proceeding remanded to Family Court for further proceedings not inconsistent herewith, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.