William J, Began, EL
The petitioners have applied to this court for the adoption of an infant under 14 years of age. The foster father had been previously married and had obtained a judgment of divorce against his prior spouse on December 16, 1971. It appears that the final judgment of divorce was signed and granted by a Justice of the Erie County Supreme Court on December 16, 1971 but contained an entry by the County Clerk to the effect that the judgment was signed and filed on December 21,1971.
The petitioners were married on December 18,1971 which obviously is two days after the granting of the judgment, hut three days before the entry and filing thereof with the Clerk of the County of Erie.
The question that thus arises herein is whether the marriage of the petitioners prior to the entry and filing of the judgment is a valid marriage.
CPLR 105 (subd. [i]) states that the word “ judgment ” means a final or interlocutory judgment. CPLR 5011 defines a judgment as the determination of the rights of the parties in an action or special proceeding and may he either interlocutory or final.” A final judgment is a final determination of the *944 rights of the parties. (Marsh v. Johnston, 123 App. Div. 596; Devlin v. Hinman, 40 App. Div. 101, affd. 161 N. Y. 115.) An interlocutory judgment, on the other hand, determines some rights in the action but does not finally dispose of the action. It is generally followed by a final judgment. CPLR 5016 (subd. [e]) provides that where an interlocutory judgment has been directed a party may move for final judgment when he becomes entitled thereto. The repeal of sections 241 and 242 of the Domestic Relations Law in 1968 (L. 1968, eh. 645) did away with interlocutory judgments in divorce proceedings.
A final judgment is to be contrasted with the entry or docketing of the judgment, which is ministerial in character. The rendition of a final judgment is a judicial act. (Cornell v. Cornell, 7 N Y 2d 164.) A judgment is entered when, after it has been signed by the clerk, it is filed by him. (CPLR 5016, subd. [a].) There is no statutory period limiting the time for the entry of judgment. (Matter of Schoen v. Schechter, 9 Misc 2d 823.) The judgment entered, however, must be supported by either a Verdict or a decision or a default. (CPLR 5016 and CPLR 5011.)
It would appear, therefore, that there was a final adjudication made on December 16, 1971 which dissolved the bonds of matrimony between the petitioning foster father and his prior spouse. The relief prayed for by the plaintiff was granted as of that date. Unlike former sections 241 and 242 of the Domestic Relations Law, which required the filing of an interlocutory decree prior to becoming final, this judgment was final when signed by the Judge. Ordinarily, therefore, this court would conclude that the petitioners were validly married on December 18, 1971, and nothing further would remain to be done with respect to the judgment of divorce obtained on December 16, 1971.
The problem however becomes more complex by reason of the added provision in the divorce decree that * ‘ This judgment shall become the final judgment upon the entry and filing thereof.” While such provision is not required by statute, does the failure to enter and file render the judgment void? Unlike former sections 241 and 242 of the Domestic Relations Law pertaining to interlocutory decrees, entry and filing is no longer a prerequisite to a final judgment of divorce. The fact remains, however, that we must contend with the decree as it was granted and signed. It is not the function of this court to second guess the attorney who prepared the decree or the Supreme Court Justice who signed it.
Under the circumstances, this court will require that the divorca decree in question be amended to eliminate any further *945 doubt. Certainly, it is the tendency of the law to validate a marriage, rather than to find ways of destroying it. The authority for such a decree is clear. ‘ ‘ When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such deters mination.” (Merrick v. Merrick, 266 N. Y. 120, 122; Cornell v. Cornell, 7 N Y 2d 164, supra; Alterman v. Alterman, 203 N. Y. S. 2d 949; CPLR 5019.)
It is accordingly the decision of this court that the failure of the petitioning foster father to file the final decree of divorce obtained by him on December 16, 1971, prior to his marriage to the natural mother herein, did not invalidate the said marriage; that the said decree of December 16,1971 was the final judgment of the court and effectively terminated the prior marriage referred to. This court will require, however, as a condition to granting the final order of adoption herein, that a judgment of divorce be entered nunc pro tunc as of December 16,1971.