Howard Miller, J.
Respondent, former husband, upon the hearing moved to dismiss the entire proceeding herein alleging lack of jurisdiction under subdivision (a) of section 466 of the Family Court Act and then further moved that the order of support dated February 25, 1975 was not enforceable against the respondent, he, not having been appropriately notified. Oral arguments on the motion were presented to the court.
A separation agreement dated May 14, 1973 was entered into between the parties wherein the only reference to support was contained in paragraph "Sixth” of the said agreement which provided: "No provision is made herein as to maintenance and support of the wife and child of the marriage since that right is being pursued in another forum by agreement between the Husband and the Wife”(italics supplied).
The parties were divorced by decree dated September 4, 1973 wherein jurisdiction was declared to be concurrent between Supreme Court and Family Court and in which decree the separation agreement was not merged.
The petition for support dated August, 1974 herein was brought for support of the child (note — no application is made for the former wife). An order dated February 25, 1975 was entered on March 25, 1975 by this court charging respondent with the support of his child to the extent of $35 weekly. A *279 violation petition alleging nonpayment thereof was filed April 8, 1975.
The divorce decree directed further decrees may be made with respect to alimony, support, custody, or visitation. We are concerned here only with support of the child of the former marriage of the parties.
Irrespective of sections 466, 461 or 413 of the Family Court Act, and section 236 of the Domestic Relations Law employed by the petitioner, the divorce decree contains an unequivocal referral to the Family Court. Even though the petitioner in the instant case speaks in terms of modification under referral under section 466 of the Family Court Act, section 461 of the Family Court Act reiterates a parent’s duty to support a child in the absence of an order, and that the Family Court may entertain a petition and make an order for support of such child. Even if, arguendo, respondent is correct that petitioner is proceeding under the wrong law, nevertheless, the information provided to the respondent was sufficient for him to be apprised of the claims of the petitioner and accordingly, has the opportunity to properly respond to the petition and he is not prejudiced thereby. CPLR 3026 provides for the liberal construction of pleadings adding, "Defects shall be ignored if a substantial right of a party is not prejudiced.”
This court does not believe that respondent’s rights are prejudiced. His motion, if granted, would only delay the consideration of the real issues, that of the support of his child.
The court finds that the reference by respondent husband to article 13 of the Domestic Relations Law not applicable to this instance of child support even under section 236 of the Domestic Relations Law. The court in Goulet v Goulet (67 Misc 2d 1074) held that unanswered questions affecting custody, support and maintenance may properly be referred to the Family Court.
The Supreme Court order of September 4, 1973 and the separation agreement of May 14, 1973 both clearly indicate the intention of the parties to provide for support, though the separation agreement is vague.
The court further finds that irrespective of the divorce, the father has an obligation under section 413 of the Family Court Act to support his child (Okun v Okun, 66 Misc 2d 241; Matter of "Smith" v "Jones", 43 Misc 2d 350) nor can the right be impaired by a separation agreement (Matter of Belt v *280 Belt, 67 Misc 2d 679) and that the separation agreement is not enforceable against the child who is not privy to the agreement or divorce action (Steinmetz v Steinmetz, 77 Misc 2d 446).
The requirement of the father to support his child is mandated by section 413 and, if as argued by respondent, there was no order there was, however, an express referral to the Family Court. It is clearly within the contemplation of the parties that the support of the child would not be waived upon a review of the language of the separation agreement.
In challenging the appropriateness of the proceeding instituted by petitioner, in his reply, the former husband, respondent herein, claims that the Family Court, being a court of limited jurisdiction must strictly adhere to the statutory grant of jurisdiction and submits in support of his position the cases of Matter of Silver v Silver (36 NY2d 324) and Butts v Butts (39 AD2d 995).
The Silver case (supra) the court, where, by separation agreement, support to the former wife was limited for three years, the wife’s application made after the three-year term expired was denied. The court held (pp 326-327): "In our view it is not sufficient that the decree at one time provided for support or alimony payments * * * We do not think that the Legislature intended to empower the Family Court to order support or alimony in a situation where the spouse is not currently entitled to any support or alimony”.
The case at bar, Breland, must be distinguished on two grounds. Firstly, the Breland case concerns only child support with no claim for the former wife, and secondly, the separation agreement reserved the right for support to be pursued in another forum, spelling out the intention to provide for support.
The Butts case (supra) the court questions not the jurisdiction, but the method of enforcement of the provision of the decree of the Supreme Court wherein the Family Court sought to enforce the order of the Supreme Court via section 454 of the Family Court Act and not section 245 of the Domestic Relations Law on the grounds that the enforcement of the provision of the Supreme Court divorce decree can only be through section 245 of the Domestic Relations Law in that section 454 of the Family Court Act presupposed a valid marriage and section 245, a terminated marriage even though both courts had concurrent jurisdiction.
*281 The Butts case is distinguished from the case at bar in that in the case at bar there was no order of the Supreme Court for support other than provision for concurrent jurisdiction and the survival of the separation agreement which contained the agreement to use another forum to determine support, and lastly, Butts relates only to alimony for wife while Breland is for child support as determined by the order of the Family Court.
Accordingly, the court finds that a petition brought pursuant to section 461 of the Family Court Act is within the contemplation of the Family Court Act to provide for support of the child of the marriage. In Horne v Horne (22 NY2d 219, 223) the court held: "Under these circumstances [no provision for support in decree] it has been held that the decree would not relieve a father of his responsibilities” (Family Ct. Act, § 461, subd [a]; Conger v Conger, 42 AD2d 1043 and Capelli v Capelli, 42 AD2d 905, where the court held that "When the Supreme Court refers a matrimonial case to the Family Court for the purpose of determining support * * * the Family Court sits on the case with total jurisdiction as to those matters).”
Having determined that it has jurisdiction, the court will now consider the effectiveness of the order of support of this court dated February 25, 1975 ordering the respondent to pay the sum of $35 per week for the support of his child. Said order was entered on March 25, 1975 after direction from the Bench. A hearing was held on a violation of said order on May 6, 1975.
This court finds that the respondent was not in willful violation of the order dated February 25, 1975 for the reason herein set forth:
Pursuant to CPLR 5016 (subd [a]) a judgment is entered after it has been signed by the clerk, it is filed by him. (Family Ct. Act, § 165.) In the absence of Family Court rule the court shall follow the CPLR to the extent suitable to proceeding.
The case law defining the entry of an order is: Matter of Masters v Masters (55 Misc 2d 466); People ex rel. Albanese v Hunt (177 Misc 151); LeGlaire v New York Life Ins. Co. (5 AD2d 171); Cornell v Cornell (7 NY2d 164); Casadona v Casadona (72 Misc 2d 984); Shaul v Fidelity & Deposit Co. (131 Misc 401, affd 224 App Div 773).
In People ex rel. Albanese v Hunt (supra, p 153) court held *282 invalid, a transfer of venue where there was no record of the transfer other than a notation on the indictment, the court stating: "Judges may in open court by word of mouth make orders, but such orders become valid and are preserved only by the judge’s signature or an entry in the clerk’s minutes.”
In Matter of Masters v Masters (supra) during trial in 1965 in the presence of both parties and their attorneys, the court orally directed that custody of the child be given to mother and support awarded at $20 per week. The divorce decree was submitted, but not signed for 27 months. The divorce decree was, then, 3 days later entered in April, 1967. Petitioner, now in Family Court in December, 1967, requested arrears from 1965 alleging subdivision (b) of section 461 of the Family Court Act that the Family Court can enforce an order of the Supreme Court including arrears to 1965, the court held (p 467): "It has long been the law of this State that a judgment does not antedate its entry and docketing. * * * It has also been held that the oral directions from the court and Bench are without effect until entered as an order and are merely a direction and guide to the parties and their attorneys for the preparation and submission of the formal order.”
In LeGlaire v New York Life Ins. Co. (supra) trial term Judge denied defendant’s various motions. The appellate court held (p 172): "The mere oral statements denying the appellant’s applications at trial without showing that they were reduced to writing, signed by the judge, are insufficient to institute an appealable order.”
In Cornell v Cornell (supra) where a final judgment of divorce was not entered in 1915, the court in 1959 directed that an order nunc pro tunc be entered directing clerk to enter final judgment of divorce when the order should have been entered in 1915, the court holding: " 'The signature of the judge simply relieved the clerk from the necessity of comparing the decision of the court with the proposed judgment furnished by the plaintiff’s attorney, to see that they corresponded. * * * The decision was only the authority for entering judgment. The entry of the judgment is the act of the clerk, and he might himself have prepared and entered it, or he could adopt the form prepared by the plaintiffs’ attorney.’ ” The order in the case at bar was not entered or signed until March 25, 1975 and therefore this court finds that the violation of the order herein which was neither signed by the Judge nor entered until March 25, 1975 was not willful.