■ In the Matter of KAREN KENNEDY, Appellant, v CARMEN J. MACALUSO, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Petitioner appeals from a judgment dismissing her request for relief in the nature of mandamus under CPLR article 78, without prejudice to the commencement of a plenary action. Her need for relief arose from the refusal of her attorney in a default divorce action to file the signed judgment and decree of absolute divorce until paid in full by petitioner for services rendered. An attorney has no retaining lien on an executed but unfiled court order. CPLR 5017 (subd [a]) specifically directs that: "[a] judgment-roll shall be prepared by the attorney for the party at whose instance the judgment is entered or by the clerk." It is the usual procedure for the attorney for the successful party to prepare the findings of fact, conclusions of law and decree for presentation to the court. If in proper form acceptable to the presiding Judge, it is adopted and executed by the Judge. When adopted and executed it becomes the judgment of the court (*Clapp v Hawley,* 97 NY 610, 614-615). No interim property right vests in any party to the original executed decree. While there are no statutory provisions as to when a judgment must be entered (*Matter of Schoen v Schechter,* 9 Misc 2d 823, affd 5 AD2d 866), we hold that in a completed divorce proceeding where substantial rights may be impaired, the judgment should be filed promptly. A CPLR article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature (*Matter of County of Wyoming v Division of Criminal Justice Servs. of State of N. Y.,* 83 AD2d 25, 27); and since the right to a judgment of divorce has been established and decreed, entry thereof is a mere formality or ministerial act (see *Cornell v Cornell,* 7 NY2d 164; *Jayson v Jayson,* 54 AD2d 687, 688). Respondent, an attorney at law duly admitted to practice in the courts of this State, is an officer of the court charged with a duty to comply with the directive of the court in accordance with the statute (CPLR 5016, 5017, subd [a]), and it was improper for him to refuse to file the final decree without obtaining permission of the court to withdraw as attorney. Furthermore, the decree dissolving the marriage is a public matter regulated by statute. Marital status is a relevant concern of the State in matters of legitimacy, child support, welfare and public assistance, and income taxes. Under these circumstances the rights of the petitioner and others were substantially impaired by the failure to promply file the decree. Special Term's judgment is modified to grant the petition, insofar as it seeks an order directing that the decree be filed with the clerk forthwith (*Matter of County of Wyoming v Division of Criminal Justice Servs. of State of N. Y., supra,* p 28), and, as modified, is otherwise affirmed. (Appeal from judgment of Supreme Court, Jefferson County, Lynch, J. — art 78.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.