OPINION OF THE COURT
Charles H. Cohen, J.
This is a renewed motion by petitioners for issuance by this court of a "judgment based on the decision herein * * * dated September 26, 1983.”
This motion is made in a CPLR article 78 proceeding brought to annul an order issued by the Conciliation and Appeals Board of the City of New York (CAB), whereby petitioners were expelled from the Rent Stabilization Association, following which the rents of the tenants in the affected building were reduced, retroactive to February 2, 1983. In its decision dated September 26, 1983, the court directed that the petition be dismissed and concluded by stating "Submit judgment.” It appears that no judgment was submitted by any party. The instant motion seeks the "issuance” of such a *1030 judgment. Petitioners want a judgment to be entered so that they may appeal.
This motion is opposed by the New York State Division of Housing and Community Renewal (DHCR) as the successor to the respondent CAB pursuant to the Omnibus Housing Act. DHCR points out that almost two years has elapsed since the court rendered its decision and claims that petitioners should be estopped from contending that a final judgment has not been entered for the reason that tenants in the building involved in this proceeding would sustain a substantial hardship if there should be a reversal of this court’s determination after this long period of time. DHCR emphasizes that in January of 1984 an entry was placed upon the decision of this court dated September 26, 1983, which read "MOTION ABANDONED Queens County Rules — Sec. 795.5 (f) (h).” Rules of the Supreme Court, Queens County § 795.5 (h) (22 NYCRR), which DHCR believes is applicable here states that: "Where the court directs in any decision upon a motion that a long form order either be settled or submitted for signature, the proposed order must be presented for signature within 30 days of the date of the decision. Upon failure to comply with this requirement, the motion shall be deemed abandoned, unless an enlargement of time shall have been granted by the court.” DHCR further notes in November of 1983 petitioners did file a notice of appeal — apparently from a "judgment * * * dated September 26, 1983” — but by order of the Appellate Division, Second Department, dated December 31, 1984, that appeal was dismissed for the reason that appellants (petitioners) "failed to appear or to perfect the appeal.”
On behalf of the petitioners it is asserted that there was no abandonment of this matter and that the delay was caused by a change in attorneys and a severe injury sustained by petitioners’ present attorney, who was also their original attorney. This attorney asserts that since no judgment was ever entered, there was no "valid” notice of appeal and, therefore, the dismissal of the appeal is of no significance.
At the outset, the court observes that no party is in a position to claim prejudice of any kind since any party had the right to submit a judgment and yet each chose not to do so.
There does not seem to be any requirement in the law that upon the court rendering a decision in a contested article 78 proceeding, which is a special proceeding (CPLR 7804 [a]), that *1031 a judgment be submitted within any particular time. (See, CPLR 7804, 411.) It must be noted that a rule such as Rules of the Supreme Court, Queens County § 795.5 (22 NYCRR) referring to "civil motion practice” is applicable to motions and not to special proceedings. (Matter of Sehoen v Schechter, 9 Misc 2d 823, affd 5 AD2d 866; see, Matter of Velardi v Lang, 25 AD2d 737; see also, Matter of Kennedy v Macaluso, 86 AD2d 775, affd 56 NY2d 630; Matter of Anonymous, 71 Misc 2d 943, 944; Matter of Masters v Masters, 55 Misc 2d 466.) Thus, there is no impediment to the submission, signing and entering of an appropriate judgment at this time.
That petitioners actually filed a notice of appeal, which was dismissed by order of the Appellate Division, Second Department, dated December 31, 1984, for the reason that they "failed to appear or to perfect the appeal”, would not bar the submission, signing and entry of judgment. That appeal, as appears from that order dated December 31, 1984, was purportedly taken from a "judgment * * * dated September 26, 1983” when there was no judgment at all. Thus, there was no effective appeal of anything. It is clear that no appeal lies from a decision (Schicchi v Green Constr. Corp., 100 AD2d 509; Unity Mfg. Corp. v St. Paul Fire & Mar. Ins. Co., 97 AD2d 462) and had the Appellate Division been apprised of the fact that no judgment had been entered, it would simply have dismissed the appeal as premature. (Cf. Matter of Goldsmith v Axelrod, 99 AD2d 569.)
Accordingly, the motion of petitioners is granted to the extent of authorizing any party to settle an appropriate judgment upon notice.