OPINION OF THE COURT
Peter Tom, J.
Respondent Carter-Wallace moves for an order dismissing the petition on various grounds. An interesting argument raised by respondent is whether the petition must be dismissed since the petitioner’s order to show cause in lieu of a *22 notice of petition made pursuant to RPAPL 733 (2) was signed by a Judicial Hearing Officer.
Petitioner, upon the termination of respondent’s leasehold, commenced the instant holdover proceeding against respondents who are commercial tenants of the subject premises pursuant to the method provided by RPAPL 733 (2).
RPAPL 733 (2) provides in relevant part that: "The court may grant an order to show cause to be served in lieu of a notice of petition.”
Petitioner’s order to show cause to commence summary holdover proceeding against respondents was signed by a Judicial Hearing Officer presiding in Part 52 which is the commercial landlord-tenant Calendar Part of the Civil Court.
Respondent argues that the petition must be dismissed since the Judicial Hearing Officer is not vested with the authority to sign an order to show cause under RPAPL 733 (2).
The Judicial Hearing Officer program was created in 1983 as a measure to tap into the reservoir of capable and experienced retired Judges to assist in alleviating the increased problems of calendar congestion and delay in the State judicial proceedings. (L 1983, ch 840; 1983 mem of Off of Ct Administration, 1983 NY Legis Ann, at 362.)
The 1983 statute added article 22 to the Judiciary Law which pertains to Judicial Hearing Officers and the statute also amended numerous provisions of the CPLR with regard to Judicial Hearing Officers in civil proceedings.
Judicial Law § 853 provides that each Judicial Hearing Officer shall have such powers as may be provided by law.
RPAPL 733 (2) provides that the court may grant an order to show cause in lieu of a notice of petition. Since the term "court” is synonymous with "judge”, the order to show cause referred to in RPAPL 733 (2) must be signed by a Judge of the court.
A review of the applicable statutes relating to the powers of a Judicial Hearing Officer does not disclose any authority which would confer the powers of a Judge upon a Judicial Hearing Officer to sign an order to show cause in lieu of a notice of petition.
CPLR 4301 to 4321 deal with a trial or hearing before a Judicial Hearing Officer. Once the Judicial Hearing Officer has been properly assigned to try an action by an order of reference, the Judicial Hearing Officer has identical powers of *23 a Judge of the court in his performance of a Trial Judge (CPLR 4301). The Judicial Hearing Officer shall conduct the trial in the same manner as a court trying such issue, and the decision of the Judicial Hearing Officer shall stand as a decision of the court (CPLR 4318, 4319). A reference may be made by the consent of the parties or without consent by order of the court in certain proceedings (CPLR 4317).
In the instant proceeding, there is no order of reference for the Judicial Hearing Officer to try this action either by consent of the parties or order of the court. The Judicial Hearing Officer was assigned to preside in the Calendar Part with duties including hearing and deciding applications, conferencing cases and assigning ready cases to the backup Judges of the Civil Court for trial.
The authority of the Judicial Hearing Officer presiding in the Calendar Part to sign an ex parte order to show cause is clearly set forth in a memorandum issued by the supervising Judge of the New York County Civil Court and dated October 17,1989 which provides that:
"No order, order to show cause or judgment shall be made by a judicial hearing officer unless all parties to the proceeding have consented, in writing, to substitute a judicial hearing officer, in place of another judge.
"All ex parte applications, defaults and dismissals shall be referred to a back-up judge by the JHO presiding in part 52”.
CPLR 4301 provides that, "[fjor the purposes of this article the term referee shall be deemed to include judicial hearing officer.” Thus, the Judicial Hearing Officers possess the same powers and authority as Referees. (Schanback v Schanbock, 130 AD2d 332; Lipton v Lipton, 128 Misc 2d 528, affd 119 AD2d 809.)
A Referee has no power to sign an order to show cause in lieu of a notice of petition under RPAPL 733 (2). Likewise, the Judicial Hearing Officer also lacks such authority.
Petitioner argues that the mistake was not made by petitioner but was created by the court and, therefore, petitioner should not be penalized for the error. The Judicial Hearing Officer signed the ex parte order to show cause in a good-faith effort to assist the court in alleviating calendar congestion. It does not matter who initially created the error in the outcome of this motion.
This court cannot correct a jurisdictional defect and cannot confer in personam jurisdiction over respondents when it *24 never obtained such jurisdiction over the parties at the inception of this proceeding.
Since the order to show cause in lieu of a notice of petition was not signed by a Judge as prescribed by RPAPL 733 (2), the order was invalid and the service upon respondents of an invalid order of the court has no force and effect, and cannot confer jurisdiction over respondents.
Respondent Smith Barney also joins in respondent Carter-Wallace’s motion to dismiss.
Accordingly, that portion of respondent’s motion for an order dismissing the petitioner’s order to show cause in lieu of a notice of petition and petition on the ground that the order to show cause was signed by a Judicial Hearing Officer is granted. The order to show cause in lieu of a notice of petition and petition are hereby dismissed as against all respondents.
This court will not decide the other issues raised by respondent in this motion since these issues became moot upon the dismissal of the petition.
The court shall waive the filing fee for petitioner when a new petition is brought in this court against respondents.