OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Seven hundred prospective jurors completed questionnaires. Individual voir dire commenced on September 27, 2000. Defendant asks this court to require the People to disclose any and all background information they obtain concerning the prospective jurors. In particular, defendant seeks information concerning the prospective jurors’ criminal history, connection to law enforcement, prior *76 jury service or other relevant background, contending it is critical to the defense’s “decision whether to exercise a peremptory challenge.”
As officers of the court, both the District Attorney and defense counsel have an obligation to notify the court of any inaccuracies or less-than-complete answers in the questionnaires. (See generally, Matter of Kennedy v Macaluso, 86 AD2d 775 [4th Dept 1982], affd 56 NY2d 630 [1982] [attorneys are officers of the court].) Certain items on the questionnaire specifically inquire about the prospective jurors’ previous dealings with the justice system. Further, a prospective juror’s criminal history has a direct bearing on his qualification to serve as a juror. Judiciary Law § 510 (3) provides that a prospective juror who previously has been convicted of a felony is disqualified from service. (Id.) Such information does not constitute the District Attorney’s work product, as the People argue. (See, CPL 240.10 [2].)
Consistent with this court’s prior ruling on the record, this court finds that all counsel have an obligation to disclose information from whatever source concerning any prospective juror’s criminal history or involvement in any pending criminal actions. Counsel shall also notify this court of any inaccuracy or less-than-complete answers in any juror’s questionnaire. Disclosure to the court shall be made within a reasonable time after discovery, and no later than before individual voir dire of the prospective juror is commenced. To this extent, defendant’s motion is granted.
There is, however, no constitutional or common-law right to discovery in criminal cases. (See, People v Colavito, 87 NY2d 423, 426-427 [1996]; Matter of Sacket v Bartlett, 241 AD2d 97, 101 [3d Dept], lv denied 92 NY2d 806 [1998].) Rather, criminal discovery is a statutory creation governed by CPL article 240. (Id.) Defendant’s motion thus in all other respects, except as delineated above, is denied.