OPINION OF THE COURT
Rita Mella, J.
The defendant is charged with resisting arrest (Penal Law § 205.30), criminal contempt in the second degree (Penal Law § 215.50 [3]), and criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [1]).
In an omnibus motion, the defendant seeks: (1) dismissal of the charge of criminal contempt on the grounds of facial insufficiency; (2) suppression of all statements allegedly obtained from defendant; (3) suppression of any alleged identification of defendant; (4) preclusion of statement and identification evidence for which the People failed to give timely notice pursuant to CPL 710.30; (5) preclusion of the prosecution’s use, either as part of its direct case or as impeachment of defendant, of the defendant’s prior criminal history, or prior uncharged criminal, vicious, or immoral conduct.
The defendant also seeks discovery and a bill of particulars, and requests a reservation of rights to make additional applications based on the People’s production and subsequent case developments. The People respond to the defendant’s motions and applications and provide their voluntary disclosure form.
The motions are decided as follows.
Facial Insufficiency Motion
As stated above, the defendant has moved to dismiss the accusatory instrument as it pertains to the criminal contempt charge on facial insufficiency grounds for its failure to allege all the elements of that offense.
The factual part of the information in this case, which is signed by a police officer of the 23rd Precinct of the New York City Police Department, states as follows:
“Deponent states that deponent is informed by Yas *1058 sir Kassina, of an address known to the District Attorney’s Office, that the above-mentioned location is informant’s place of business. Deponent is further informed that informant observed defendant standing inside the doorway of the above-mentioned location, thereby blocking at least one (1) person from entering the above-mentioned location.
“Deponent further states (i) that the above actions by defendant are in violation of an order of protection issued on January 29, 2009 by Judge Whitten, docket number 2008NY033613, and which remains in effect until January 28, 2011, (ii) that the order of protection directs the defendant to (1) stay away from informant, informant’s home, school, business, place of employment, (2) refrain from communication or any other conduct by mail, telephone, email or other means with informant, (3) refrain from assaulting, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense or interference with the informant, and (4) refrain from any contact with the informant, and (iii) that defendant is aware of the order of protection in that defendant was present in court when the court order was issued and the order of protection is signed by the defendant. “Deponent further states that deponent observed defendant place five (5) bags of marijuana under a parked motor vehicle located in front of the 310 East 110th Street, located in the county and state of New York. Deponent further states that deponent observed Police Officer Sergio Pesantes, shield No. 11124 of the 023 Precinct recover the above-mentioned five (5) bags of marijuana from the above-mentioned location.
“Deponent further states that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: deponent’s professional training as a police officer in the identification of drugs, deponent’s prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug, and a field test of the substance which confirmed that the substance is in fact what it is alleged to be.
*1059 “Deponent further states that when deponent was placing defendant under arrest for the offense(s) described above, the defendant: (i) twisted away from the officer, (ii) refused to put defendant’s hands behind defendant’s back, (iii) threw defendant’s arms up and down thereby making handcuffing difficult, and (iv) screamed, in substance, ‘WHY ARE YOU ARRESTING ME?’ ”
A standard supporting deposition signed by the complainant was filed by the People in this case.
In order for an accusatory instrument to be sufficient on its face, it must allege “facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]), provide “reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]), and contain nonhearsay allegations which “establish, if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]; see also People v Alejandro, 70 NY2d 133 [1987]).
“ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].)
The failure of an accusatory instrument to allege an element of the charged offense is a nonwaivable jurisdictional defect. (See People v Kalin, 12 NY3d 225, 229 [2009]; People v Jones, 9 NY3d 259, 262 [2007].) In reviewing allegations in an accusatory instrument for facial sufficiency, the court should give such allegations “a fair and not overly restrictive or technical reading,” so long as they provide the accused with notice sufficient to prepare a defense and “are adequately detailed to prevent a defendant from being tried twice for the same offense.” (People v Casey, 95 NY2d 354, 360 [2000].)
Pursuant to CPL 170.30 (1) (a), the court may, upon motion of defendant, dismiss an information or any count contained therein if it is defective within the meaning of section 170.35 (1) (a); that statute in turn provides that an accusatory instrument is defective if it does not meet the requirements for facial sufficiency as set forth in section 100.40. Nevertheless, an insufficient instrument may not be dismissed, “but must instead be *1060 amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend.” (CPL 170.35 [1] [a].)
Criminal Contempt in The Second Degree
To meet the jurisdictional requirement to prosecute a defendant for criminal contempt in the second degree under Penal Law § 215.50 (3), the People are obligated to set forth a prima facie case that the defendant engaged in “intentional disobedience or resistance to the lawful process or other mandate of a court.” Here, defendant challenges the facial sufficiency of the accusatory instrument, arguing that the information provides no facts that establish that there was a lawful mandate of the court. Specifically, the defendant maintains that the lack of the judge’s signature on the order of protection submitted by the People in support of the accusatory instrument indicates that the lawful mandate element has not been properly alleged. In response, the People do not address defendant’s allegation that absent judicial signature there is no lawful mandate of the court, and instead refer to the defendant’s presence in court on January 29, 2009, the date the order of protection was allegedly issued, and defendant’s signature on the order, and argue that those facts make the instrument sufficient.
The Court of Appeals has specifically addressed the issue of the sufficiency of the allegations that must be included in an accusatory instrument to establish a prima facie case where a defendant is charged with criminal contempt for violating an order of protection. In People v Casey, the Court stated that the accusatory instrument must include allegations based on firsthand knowledge that the order was granted, was in effect, and was intentionally violated by the defendant’s conduct. (See Casey, 95 NY2d at 360.) There must also be nonhearsay allegations as to the actual conduct of the defendant that purportedly violated the order. (Id. )
What allegations are required to sufficiently plead the “lawful . . . mandate of a court” element in an accusatory instrument charging criminal contempt for violation of an order of protection has not been discussed in the case law. It is clear, however, that the People must prove, as part of a prima facie case of a violation of Penal Law § 215.50 (3), that the order of protection that was allegedly violated was valid. (People v Konieczny, 2 NY3d 569, 573, 577 [2004].) In addition, a contempt violation generally requires proof that on a particular date, a court issued a lawful order that is clear, definite, and in effect. (Matter of *1061 Holtzman v Beatty, 97 AD2d 79, 82 [2d Dept 1983] [“In the absence of a specific valid order that has been disobeyed, there can be no contempt”]; Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983].)
The Court of Appeals has also made clear that in order to support an allegation that an order of protection was in fact in effect, the best practice is for the People to attach a copy of the order to the accusatory instrument. (Konieczny, 2 NY3d at 575; Casey, 95 NY2d at 360.) However, failure to annex the order to the accusatory instrument does not require a finding that the instrument is defective, but demands a case-specific factual inquiry into the adequacy of any supporting nonhearsay allegations. (Casey, 95 NY2d at 360 [finding nonhearsay allegations including the complainant’s supporting deposition, which stated that the order had been issued, was in effect, and that she had personally observed the defendant engage in conduct that violated the order could help to cure an alleged defect in the instrument premised on the failure to provide the underlying court order]; see also People v Filippino, 18 Misc 3d 1135[A], 2008 NY Slip Op 50318[U] [Sup Ct, Richmond County 2008] [finding criminal contempt complaint properly converted to an information where police officer alleged in the complaint to personally reviewing the order of protection before swearing to the complaint and personally saw the defendant at the complaining witness’ home].)
In other words, the People’s failure to submit a copy of the order of protection in support of the allegations is not in and of itself a jurisdictional defect. (Casey, 95 NY2d at 360; Konieczny, 2 NY3d at 575.) This is particularly true because a valid order of protection could have been initially issued orally, and sufficient nonhearsay allegations as to its effectiveness, the defendant’s knowledge of it, and description of the conduct of the defendant that violates it could comprise a sufficient information for jurisdictional purposes. (See People v McCowan, 85 NY2d 985, 987 [1995] [statutory scheme and case law specify that notice is adequate to support a criminal prosecution stemming from a violation of an order of protection if notice was given orally in court].)
The instant accusatory instrument adequately alleges a prima facie case of criminal contempt in the second degree. The deponent alleges that an order of protection was issued, that the order was in effect on the day in question, and the specific conduct of the defendant that violates the allegedly effective or *1062 der. These allegations support the elements of Penal Law § 215.50 (3). (See Casey, 95 NY2d at 360.) Thus, the accusatory instrument in this case is not jurisdictionally deficient, inasmuch as it actually addresses all the elements of the charged offense. (Konieczny, 2 NY3d at 576 [it is evident, under People v Alejandro (70 NY2d 133 [1987]), that an information is facially deficient if it entirely fails to address an element of the offense charged]; see also People v Kalin, 12 NY3d at 229, 232 [an information that fails to allege a complete element of the charged offense is jurisdictionally defective].)
The People in this case, following the best practice suggested by the Court of Appeals in Casey, filed a copy of the at-issue order of protection. However, as the defendant notes, this document lacks a signature by a judge. If not for the lack of the judge’s signature, the order would appear facially valid, there would be no evident flaw, and the court’s inquiry would end there as to the lawful mandate element. (See Konieczny, 2 NY3d at 576-577 [a facially valid order of protection is entitled to the presumption of regularity for purposes of fulfilling the pleading requirements].)
The lack of signature on the order, however, is in fact a flaw. A signature is the imprimatur of authenticity with regard to court orders and judgments. (See e.g. Carter v Castle Elec. Contr. Co., 23 AD2d 768 [2d Dept 1965] [“an entry (of the Clerk’s minutes stating a motion granted), which was neither signed nor initialed by the judge, is not an order which may be the subject of an appeal”]; Breland v Breland, 82 Misc 2d 277 [Fam Ct, Rockland County 1975] [finding that a violation of an order which was neither signed by the judge nor entered at the time of the purported violation was not willful]; General Motors Corp. v Carter-Wallace, Inc., 147 Misc 2d 21 [Civ Ct, NY County 1990] [order to show cause for recovery of real property pursuant to RPAPL 733 (2) requires signature of a judge to take effect].) While it is feasible that the signature’s absence is merely a ministerial oversight and the statutory requirements to effectuate the order were met (see McCowan, 85 NY2d at 987 [noting the statutory mandate that the clerk of the court provide the defendant with a copy of any temporary order of protection issued, but that notice of the order may be given to defendant orally]), it raises sufficient questions about the order’s authenticity— whether it has in fact been issued — to give the court serious pause.
The question in the context of this facial insufficiency challenge is, however, whether this flaw is fatal. The court concludes *1063 that although this flaw makes the accusatory instrument deficient, at the pleading stage, this deficiency does not implicate the jurisdiction of the court.
The deficiency here can be ascribed to the fact that, without a facially valid order of protection, there are only hearsay allegations in the accusatory instrument as to whether that order of protection had been issued and was in effect on the day in question. While the deponent police officer alleges the existence of the order, he does not provide any information suggesting he possesses firsthand knowledge of the order or the proceeding at which it was purportedly issued, nor does he explain the basis for his allegations regarding the order, such as that the informant showed him a copy. (See People v Gomez, 9 Misc 3d 1117[A], 2005 NY Slip Op 51614[U] [Crim Ct, NY County 2005] [finding the officers’ statements about orders of protection hearsay where there was no indication that the deponent officers’ knowledge of the orders was firsthand]; see also People v Peluso, 192 Misc 2d 33 [Crim Ct, Kings County 2002] [holding that conversion could not be effected absent the filing of the order of protection where there was no evidence that the complainant had shown the deponent officer a certified copy of the order].)
The court finds that the lack of the judge’s signature in the order of protection leaves the charge of criminal contempt in the accusatory instrument deficient as the People have failed to provide nonhearsay allegations as to the element of an in-effect lawful mandate. Conversion has, therefore, not been completed.
Hearsay defects in accusatory instruments, however, do not affect the jurisdiction of the court, and are readily curable. (See Casey, 95 NY2d at 361.) CPL 170.35 (1) (a) provides that an opportunity to cure those defects is to be granted upon motion of the People. In this case, the court will give the People such an opportunity. The People are directed to cure this hearsay defect and properly convert this complaint by October 30, 2009.
Suppression of the Defendant’s Statements
Defendant’s motion to suppress his statements to law enforcement officials is granted to the extent of directing that a Huntley/ Dunaway hearing be conducted prior to trial.
Suppression of Identification Evidence
Defendant’s motion to suppress identification testimony is granted to the extent of directing that a Wade/Dunaway hearing be conducted prior to trial.
*1064 Preclusion of Identification and Statement Evidence
Defendant’s motion' to preclude at trial the use of any statement or identification evidence for which notice has not been given is denied without prejudice to renew should the People attempt to introduce evidence of this type for which the People did not serve proper notice on defendant.
Discovery and Bill of Particulars
Defendant’s motion for pretrial discovery and a bill of particulars is granted to the extent provided by the People in their voluntary disclosure form. The People are reminded of their continuing Brady v Maryland, People v Rosario, and related responsibilities.
Preclusion of Evidence of Prior Convictions and Bad Acts
Defendant’s motion to preclude the introduction at trial of evidence of his prior convictions or bad acts pursuant to People v Sandoval is reserved for the trial court.
Conclusion
For the reasons discussed above, the defendant’s motion to dismiss the count of criminal contempt in the second degree (Penal Law § 215.50 [3]) on facial insufficiency grounds is denied. The People are directed to cure the hearsay defect in the complaint by October 30, 2009. A Huntley[Wade/Dunaway hearing is granted. The Sandoval issue is reserved for the trial court.